**Affirmed and Opinion filed October 21, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00567-CV

**LINDA HERNANDEZ, JOSE HERNANDEZ, JAVIER VASQUEZ, CLAUDIA GIL, RAUL VASQUEZ AND VIRGINIA VASQUEZ, Appellants**

**V.**

**ABRAHAM, WATKINS, NICHOLS, SORRELS & FRIEND, A TEXAS GENERAL PARTNERSHIP, RANDALL SORRELS, AND BERNARDINO AGOSTO, JR., Appellees**

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 09-CV-0348

**O P I N I O N**

This is a legal malpractice and breach of fiduciary duty suit filed by appellants Jose Hernandez, Linda Hernandez, Javier Vasquez, Claudia Gil, Raul Vasquez, and Virginia Vasquez against appellees Abraham, Watkins, Nichols, Sorrels & Friend, a Texas General Partnership, Randall Sorrels, and Bernardino

Agosto, Jr. (collectively the Law Firm), their former attorneys. Appellants alleged the Law Firm committed malpractice and breached fiduciary duties when it settled appellants' claims arising out of the 2005 BP plant explosion (BP Explosion) for insufficient amounts of money. The Law Firm filed its own petition against appellants in another court, seeking a declaratory judgment. After the cases were consolidated by transfer, the trial court granted nine separate motions for partial summary judgment filed by the Law Firm, denied appellants' motion for partial summary judgment, and then signed a final take-nothing judgment.

Appellants raise four issues on appeal. In their first issue, appellants contend the trial court abused its discretion when it denied their motion to dismiss, which argued that the court lacked jurisdiction over the Law Firm's suit because it sought a declaration of non-liability to appellants in tort. In their second and third issues, appellants contend Texas recognizes a cause of action for an attorney's negligent settlement of a client's claims, and the trial court abused its discretion when it denied their motion to compel the Law Firm to respond to discovery they contend was relevant to that cause of action. Because appellants have not established the trial court abused its discretion when it denied their motion to dismiss or their motion to compel discovery, we overrule their first three issues.

In their fourth issue, appellants assert the trial court erred when it granted nine motions for partial summary judgment filed by the Law Firm and denied their own motion for partial summary judgment. We overrule this issue because (1) appellants did not produce evidence raising a genuine issue of material fact in response to the Law Firm's no-evidence motions for partial summary judgment on appellants' tort causes of action; (2) the Law Firm proved its entitlement to summary judgment on appellants' breach of contract and breach of fiduciary duty causes of action; (3) the Law Firm established as a matter of law that it was

2

entitled to release of the funds it had placed in the court registry; and (4) we cannot reach the denial of appellants' own motion for partial summary judgment. We therefore affirm the trial court's judgment.

## BACKGROUND

Appellants Jose Hernandez, Javier Vasquez, and Raul Vasquez were working at the BP plant in Texas City on March 23, 2005, when the explosion occurred.[1] All three retained the Law Firm to represent them in pursuing any claims they may have had arising out of the explosion. Each alleged he was injured by the explosion, but it is undisputed that none required immediate emergency medical care in the aftermath of the explosion. It is also undisputed that all three returned to work soon after the explosion, and that the incomes of at least two of the three workers have risen above their pre-explosion level.

The Law Firm never initiated litigation in pursuit of appellants' claims, but included them in the mediation and negotiations to settle all of the Law Firm's BP Explosion clients' claims. The Law Firm negotiated settlements of each of the three claims at separate mediations. Raul accepted a settlement of $55,000; Javier and Jose each accepted a settlement of $40,000. Each settlement included a release of all claims the spouses may have had.

Following the acceptance of the settlements, appellants became dissatisfied with the amounts and retained their current legal counsel to pursue any claims they

---

[1] Appellants Linda Hernandez, Claudia Gil, and Virginia Vasquez are the spouses of the appellants who worked at the plant. The spouses were not present at the BP plant on the day of the explosion, and they did not execute fee agreements with the Law Firm. They were required to release any claims they may have had against BP, however, as a condition of BP settling with the workers. To resolve this appeal, we need not differentiate between the workers' claims against the Law Firm and those of the spouses. Therefore, we refer to the appellants collectively without differentiating between the workers and their spouses.

may have had against the Law Firm.[2] Their new attorney sent a DTPA demand letter to the Law Firm claiming appellants suffered at least $6 million in damages as a result of the Law Firm's alleged malpractice. The demand letter included a request that the Law Firm turn over the appellants' "entire original file," including "all of the documents and other material in your constructive possession regarding" the BP Explosion litigation that had been filed in Galveston County district court.[3]

After receiving the demand letter, the Law Firm filed a petition in intervention in the Galveston County case seeking a declaratory judgment; its petition also included an interpleader action seeking to determine who had the right to possess the fees and expenses the Law Firm had earned in representing appellants, which the Law Firm deposited into the registry of the trial court. The Law Firm sought six declarations. Four of the declarations concerned the documents requested by appellants in their DTPA demand letter, which the Law Firm believed might be covered by a protective order in the underlying litigation, covered by a confidentiality agreement, and protected from disclosure by attorney-client privilege and as attorney work product. The Law Firm also sought declarations that: the Law Firm had complied with its responsibilities in handling appellants' claims and obtained fair settlements for them; and appellants had already received all of the money they were entitled to receive, or alternatively they were entitled to no more than the amount in the registry of the court.

Appellants filed a motion to dismiss, followed by an amended answer and plea to the jurisdiction, asking the trial court to dismiss the Law Firm's suit "because there is no justiciable issue in [the Law Firm's] pleadings that can be

---

[2] The record also indicates appellants hired another attorney to pursue their claims against BP after they had accepted the settlements negotiated by the Law Firm. BP refused to settle a second time.

[3] The Galveston County case was styled *Arenazas v. BP Amoco Chemical Company*.

resolved by the judicial relief sought. Specifically, [the Law Firm], through their declaratory judgment action, request the Court declare that they have not committed malpractice and fraud, relief that cannot be accomplished through a declaratory judgment action." The trial court denied the motion.

Appellants filed suit in Harris County once the DTPA notice period had expired. Appellants alleged the Law Firm committed malpractice and breached their fiduciary duties by settling their cases for too little money. The Harris County case was transferred to Galveston County and consolidated with the Law Firm's declaratory judgment action. The parties were realigned and appellants were designated the plaintiffs in the consolidated action.

Appellants eventually sought discovery of documents relating to the claims of the Law Firm's other BP Explosion clients, particularly the amounts for which the claims settled and the types of injuries the other clients experienced as a result of the explosion. The Law Firm resisted the discovery, and appellants moved to compel. The trial court denied the motion to compel and appellants sought mandamus relief, which another panel of this Court denied in a written opinion. *See In re Hernandez*, No. 14-11-00408-CV, 2011 WL 4600706 (Tex. App.—Houston [14th Dist.] Oct. 6, 2011, orig. proceeding) (mem. op.). We held, in part, that appellants' discovery requests were overly broad and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at *3.

Appellants sought discovery again in their Third Request for Production, this time with respect to the Law Firm's similarly situated clients.[4] The Law Firm

---

[4] Appellants' third request for production contained a total of 62 requests for documents. We need not repeat them verbatim here, but a representative request asked the Law Firm to: "Please produce a copy of all settlement agreements for your clients in the BP litigation that had similar claims as your client Raul Vasquez." Appellants repeated the same request for Javier Vasquez and Jose Hernandez.

lodged objections to the requests and appellants filed another motion to compel, which the trial court once again denied. Appellants filed a second mandamus proceeding, which this Court denied without explanation. *See In re Hernandez*, 14-12-00935-CV, 2013 WL 85176 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, orig. proceeding) (mem. op.). In this appeal, appellants renew their challenge to the trial court's denial of their motion.

Back in the trial court, the Law Firm filed eight separate motions for partial summary judgment attacking appellants' causes of action. The Law Firm also filed a traditional motion for partial summary judgment on its claim to the proceeds that had been placed in the trial court's registry; the Law Firm nonsuited its remaining claims. The trial court granted all nine motions, sustained all of the objections the Law Firm had lodged against appellants' summary judgment evidence, and signed an "Order Granting Final Summary Judgment." This appeal followed.

## ANALYSIS

Appellants raised four issues on appeal but briefed them as three, consolidating their second and third issues. We address appellants' issues in the same manner.

I. **The trial court did not abuse its discretion when it denied appellants' motion to dismiss the Law Firm's declaratory judgment action.**

A. **The court had jurisdiction and was within its discretion to hear the firm's action, which sought declarations beyond non-liability for a tort.**

In their first issue, appellants assert that the trial court abused its discretion when it denied their motion to dismiss the Law Firm's declaratory judgment action. Appellants initially argue that the trial court did not have jurisdiction to declare non-liability in a tort action, and thus it should have dismissed the Law

6

Firm's suit in its entirety. In their reply brief, appellants further contend that even if the trial court had jurisdiction over the Law Firm's declaratory judgment action, it still had discretion to decline to exercise jurisdiction because the Law Firm sought a declaration of non-liability in a tort action. Appellants conclude the trial court abused its discretion when it refused to dismiss the Law Firm's declaratory judgment action, citing *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985).

We disagree that *Abor* supports appellants' position that the trial court abused its discretion when it denied their motion to dismiss. Instead, *Abor* confirms that the trial court had jurisdiction to hear the Law Firm's declaratory judgment action even though it sought, in part, a declaration of non-liability for a tort. *See id.* at 566 ("Because our statute appears to give the courts jurisdiction over declarations of non-liability of a potential defendant in a tort action, . . . [the] District Court had jurisdiction over the suit.").

A trial court does have limited discretion to refuse to hear a declaratory judgment action. *Id.* (holding trial court "should have declined to exercise such jurisdiction [over declaration of tort non-liability] because it deprived the real plaintiff of the traditional right to choose the time and place of suit"); *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 251 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Spawglass Const. Corp. v. City of Houston*, 974 S.W.2d 876, 878 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We conclude the trial court did not abuse its discretion by declining to dismiss here, however, because the requested declaratory relief went beyond a declaration of non-liability for a tort.

In their motion, appellants asked the trial court to dismiss the Law Firm's entire declaratory judgment action, including those parts of the lawsuit addressing appellants' demand that the Law Firm turn over its "entire original file," as well as "all of the documents and other material in your constructive possession regarding"

7

the BP Explosion litigation. Appellants based their motion exclusively on the argument that the trial court did not have jurisdiction to issue a declaration of non-liability in a tort action. Appellants did not address in their motion to dismiss the impact of the Law Firm's requests for declarations regarding appellants' demand that the Law Firm turn over documents related to the BP Explosion litigation. Given these additional requests, we cannot conclude that the trial court abused its discretion when it denied the motion. *See Upchurch v. Albear*, 5 S.W.3d 274, 277 (Tex. App.—Amarillo 1999, pet. denied) (stating *Abor* did not apply because attorney's pleadings sought affirmative relief in addition to a declaration of non-liability).

**B.** **Appellants have not established harm from the trial court's denial of their motion to dismiss.**

Even if we were to assume that the trial court improperly denied appellants' motion to dismiss the Law Firm's declaratory judgment action, appellants must still demonstrate harm. Tex. R. App. P. 44.1. To obtain reversal, appellants must show that the error probably caused the rendition of an improper judgment. *Corrales v. Dep't of Family and Protective Serv.*, 155 S.W.3d 478, 487 (Tex. App.—El Paso 2004, no pet.).

Appellants contend they were harmed by the Galveston County trial court's denial of their motion to dismiss because it set the stage for the Law Firm's successful motion to transfer venue of appellants' Harris County lawsuit to Galveston County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(b) (West 2002) (authorizing a trial court to transfer a case to another county of proper venue based on the convenience of the parties and witnesses). In appellants' view, this transfer enabled the Galveston court to render judgment against them. By statute, however, a trial court's decision to transfer a case under section 15.002(b) cannot

8

serve as grounds for an appeal and cannot be reversible error. *See id.* § 15.002(c); *see also Trend Offset Printing Serv., Inc. v. Collin Cnty. Cmty. Coll. Dist.*, 249 S.W.3d 429, 430 (Tex. 2008). Because the only harm appellants allege they suffered as a result of the denial of their motion to dismiss arose from the subsequent transfer of their Harris County suit, they have not demonstrated harm. Therefore, we overrule appellants' first issue.

## II. The trial court did not abuse its discretion when it denied appellants' motion to compel the Law Firm to respond to their Third Request for Production.

Appellants' second issue asks whether Texas recognizes a cause of action for negligent settlement. In their third issue, appellants contend the trial court abused its discretion when it denied their motion to compel the Law Firm to respond to their Third Request for Production, which they contend sought documents relevant to their claims. We address these issues together.

The Supreme Court of Texas recently addressed the type of evidence that may be used to prove a plaintiff's damages in a legal malpractice case. *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013). In *Elizondo*, another malpractice case arising out of the BP Explosion litigation, the plaintiffs alleged that their former counsel had failed to obtain an adequate settlement. The court observed that it was

> undisputed that BP . . . made the decision to settle every case arising from the plant explosion. Here, where the same defendant settled thousands of cases, and indeed made the business decision to settle all cases and not try any to a verdict, we see no reason why an expert cannot base his opinion of malpractice damages on a comparison of what similarly situated plaintiffs obtained from the same defendant.

*Id.* The court went on to conclude that this type of data "is perhaps the best evidence of the real-world settlement value of the case." *Id.* With this guidance in mind, we address appellants' challenge to the trial court's denial of their motion to

compel.

Appellants' Third Request for Production contained sixty-two requests. The requests fall into three general groups. The first group asked the Law Firm to produce copies of all settlement agreements and copies of all "MASTER ISOM DATABASE FACT SHEET[S]"[5] for clients of the Law Firm who had (1) similar claims to appellants, (2) similar injuries to appellants, or (3) similar injuries to appellants but had settled for more money than appellants. The second group asked the Law Firm to produce copies of all settlement agreements and copies of all "MASTER ISOM DATABASE FACT SHEET[S]" for clients of the Law Firm who (1) had "less injuries" than appellants, or (2) had "less injuries" than appellants but settled for more money than appellants. The third group asked the Law Firm to produce copies of all settlement agreements and copies of all "MASTER ISOM DATABASE FACT SHEET[S]" for clients of the Law Firm who (1) had only "soft tissue injuries" but had settled for more money than appellants, or (2) "had hearing loss in both ears with or without tinnitus, soft tissue injuries and post-traumatic stress disorder with or without physical manifestations or had less injuries than these and settled for more money than [appellants]."

The Law Firm objected to each request on several grounds, including that the requests were overbroad and vague. The appellants filed a motion to compel the Law Firm to respond. The trial court denied the motion to compel without specifying a reason.[6]

---

[5] Although appellants' Third Request for Production did not define this term, the record indicates BP generated this sheet based on information provided by each BP Explosion plaintiff regarding his date of birth, Social Security number, basic medical information including health care providers, and location inside the plant at the time of the explosion.

[6] Although appellants challenged this ruling in their second mandamus petition, we denied that petition without commenting on the merits. Accordingly, we consider the merits of appellants' challenge here. *See In re L.R.*, 416 S.W.3d 675, 677–78 (Tex. App.—Houston [14th

10

## A.    Standard of review and applicable law

We review a trial court's order denying a motion to compel discovery for an abuse of discretion. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009); *Elmgren v. INEOS USA, LLC*, 431 S.W.3d 657, 672 (Tex. App.—Houston [14th Dist.] 2014, Rule 53.7(f) mot. granted). Trial courts have broad discretion in matters of discovery. *Elmgren*, 431 S.W.3d at 672. "A trial court abuses its discretion if it misinterprets or misapplies the law or acts arbitrarily or unreasonably." *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 69 (Tex. App.—Houston [14th Dist.] 2014, Rule 53.7(f) mot. granted). To establish that the trial court abused its discretion when it denied their motion to compel, appellants must demonstrate that none of the Law Firm's objections support the trial court's action. *ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565, 568 (Tex. App.—Houston [1st Dist.] 1996, no writ).

A party may obtain discovery regarding matters that are not privileged and are relevant to the subject matter of the pending action. Tex. R. Civ. P. 192.3(a). Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. The information sought in discovery need not be admissible, however; it need only be "reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a).

Although the scope of discovery is broad, it is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). A central consideration in determining overbreadth is whether

Dist.] 2013, orig. proceeding).

the discovery request could have been more narrowly tailored. *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (org. proceeding). Discovery may not be used as a fishing expedition. *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding). Therefore, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999); *In re Jacobs*, 300 S.W.3d 35, 44 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). The requesting party has the burden to tailor its requests for production narrowly. *In re Am. Optical Corp.*, 988 S.W.2d at 713; *In re T.I.G. Ins. Co.*, 172 S.W.3d 160, 168 (Tex. App.—Beaumont 2005, orig. proceeding).

### B. Appellants did not meet their burden to tailor their requests for production narrowly to include only matters relevant to the case.

All three groups of discovery requests ask the Law Firm to produce documents based on a comparison among appellant's claims and alleged injuries and its other clients' claims or injuries arising out of the BP Explosion. It is not clear from an examination of appellants' Original Petition or their Third Request for Production, however, exactly what injuries appellants claimed they suffered as a result of the BP Explosion. In their Original Petition, which was their live pleading at the time the trial court denied their motion to compel, appellants alleged only that they "were on location and injured in the [BP] plant explosion that occurred in Texas City, Texas."[7] In addition, appellants did not specify their

---

[7] Appellants filed their motion to compel the Law Firm to respond to their Third Request for Production on March 23, 2012. The trial court denied the motion on April 20, 2012. Appellants did not file their First Amended Petition specifically alleging their injuries until December 20, 2012. Although appellants rely on these more specific allegations in their appellate briefing on this issue, those allegations were not available to the Law Firm in considering how to respond and were not before the trial court when it ruled on the motion to compel. Accordingly, we do not consider them.

12

alleged injuries in their Third Request for Production, as they did not define or explain what alleged "injuries," "claims," or "soft tissue injuries" they had suffered as a result of the explosion. Nor did appellants explain how the Law Firm should determine whether the number and type of injuries suffered by another client were "less" than appellants' injuries.

Because appellants' Original Petition and discovery requests do not explain what injuries appellants claim to have suffered as a result of the BP Explosion, we hold the trial court could reasonably have concluded that appellants' discovery requests were impermissibly vague.[8] *In re Baker*, No. 10-10-00354-CV, 2011 WL 1679841, at *5 (Tex. App.—Waco May 4, 2011, orig. proceeding) (mem. op.) (holding trial court did not abuse its discretion when it sustained vagueness objection because interrogatory was unclear as worded). In addition, the trial court could reasonably have concluded that appellants' discovery requests were impermissibly overbroad because they (1) were not, but could have been, more narrowly tailored to the dispute at hand; and (2) improperly attempted to place the burden on the Law Firm to determine what documents, if any, might be responsive. *See In re Allstate Cty. Mutual Ins. Co.*, 227 S.W.3d 667, 669 (Tex. 2007) (holding discovery requests were impermissibly overbroad because they were not limited in scope but could have been more narrowly tailored to dispute at issue); *In re Sears, Roebuck and Co.*, 146 S.W.3d 328, 333 (Tex. App.—Beaumont 2004, orig. proceeding) (stating that party responding to discovery does not have the burden to tailor a reasonable discovery request); *In re Sears, Roebuck and Co.*, 123 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (holding trial

---

[8] This analysis also applies to those requests for production referencing hearing loss in both ears and post-traumatic stress disorder. Those requests asked the Law Firm to produce documents for clients who had those specific injuries "and" also had "soft tissue injuries." As explained above, the undefined term "soft tissue injuries" is impermissibly vague.

court abused its discretion when it ordered defendant to respond to overbroad discovery requests that improperly attempted to shift the burden of identification of relevant documents to defendant). The court could also have concluded that narrow tailoring was particularly necessary here given the sensitive nature of the third-party medical and financial materials sought, which the Law Firm claimed were privileged and confidential. *See In re Christus Health Se. Tex.*, No. 09-05-497-CV, 2006 WL 302229, at \*3 (Tex. App.—Beaumont Feb. 9, 2006, orig. proceeding) (mem. op.).[9]

Because the trial court could reasonably have concluded that the sixty-two requests for production were vague and overbroad, we hold appellants have not demonstrated that the trial court abused its discretion when it denied their motion to compel. We overrule appellants' second and third issues.

### III. The trial court did not err when it granted the Law Firm's nine motions for partial summary judgment, and we need not reach appellants' challenges to the denial of their motion for partial summary judgment.

In their fourth issue, appellants contend the trial court erred when it granted the Law Firm's nine motions for partial summary judgment. Appellants also argue the trial court erred when it denied their own traditional motion for partial summary judgment seeking dismissal of the Law Firm's declaratory judgment and quantum meruit causes of action.[10] We turn first to the denial of appellants' traditional motion for partial summary judgment.

---

[9] Given our disposition of this issue, we do not address whether the materials were in fact privileged or confidential.

[10] Appellants filed a hybrid traditional and no-evidence motion for partial summary judgment. On appeal, they have challenged only the trial court's denial of the traditional part of their motion.

**A.** **Appellants obtained no ruling on their motion for partial summary judgment on the Law Firm's quantum meruit claim.**

There is no order in the record denying appellants' motion for partial summary judgment on the Law Firm's quantum meruit cause of action. The only order denies appellants' motion for partial summary judgment on the Law Firm's declaratory judgment action. In addition, the Law Firm did not move for summary judgment on its alternative quantum meruit cause of action. Because there is no order denying appellants' motion, and the Law Firm did not move for summary judgment on the quantum meruit claim, we hold appellants did not preserve this issue for appellate review. *Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 378 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *cf. General Agents Ins. Co. of Am. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (stating implicit denial of cross-motion for summary judgment is preserved for appellate review when parties file cross-motions for summary judgment on same subject and trial court grants one motion but does not rule on the other).

In any event, judgment was not rendered against appellants on the basis of quantum meruit. In its motion for partial summary judgment on its claims to the proceeds in the registry of the court, the Law Firm did not seek a judgment on the basis of quantum meruit, and it agreed to nonsuit its remaining claims in the event its motions for partial summary judgment were granted. The trial court's final judgment granting these motions recites that it disposes of all claims, and it does not mention quantum meruit. Thus, the trial court's failure to rule on appellants' motion for partial summary judgment regarding the Law Firm's quantum meruit claim has not harmed appellants.

**B.     The Law Firm's nonsuit of its declaratory judgment causes of action renders the denial of appellants' motion for partial summary judgment on the Law Firms' declaratory judgment action moot.**

The trial court did deny appellants' motion for partial summary judgment on the Law Firm's declaratory judgment action, but we need not review that denial because the firm obtained no declaratory judgment.  In its motion for partial summary judgment on its claims to the proceeds in the registry of the court, the Law Firm did not seek a declaratory judgment.  As noted above, the Law Firm also agreed to nonsuit its remaining claims in the event its motions for partial summary judgment were granted.  The trial court granted all of the motions for partial summary judgment filed by the Law Firm.  Once it did so, the Law Firm's nonsuit became effective, and appellants' motion for partial summary judgment challenging the Law Firm's declaratory judgment action was rendered moot.  *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.); *see Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006) (nonsuit generally renders merits of case moot).

**C.     The trial court correctly granted the Law Firm's no-evidence motion for partial summary judgment on appellants' non-expense claims.**

We next address appellants' challenges to the summary judgment rulings against their own causes of action.  The Law Firm filed eight separate motions for partial summary judgment attacking appellants' causes of action.  Among those motions was a no-evidence motion on each of appellants' causes of action.  The trial court granted the motion.

We review the trial court's grant of summary judgment de novo.  *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam).  In

a no-evidence motion for summary judgment, the movant must specifically state the elements as to which there is no evidence. *Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The trial court must grant the motion unless the non-movant files a response producing summary judgment evidence raising a genuine issue of material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); *see San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary-judgment evidence that raises a genuine issue of material fact.").

Apart from their claims regarding common expenses, which we address in Part III.D. below, appellants concede on appeal that they did not submit evidence on all challenged elements of their causes of action in response to the Law Firm's no-evidence motion for summary judgment.[11] Likewise, in their summary judgment response, appellants admitted that they could "put forth no concrete evidence as to the elements of breach, proximate cause or damages" on their negligence-based claims. Appellants also admitted that they had no evidence in response to the Law Firm's motion on the challenged elements of their gross negligence claim. With respect to their negligent misrepresentation claim, appellants admitted they had no evidence that the Law Firm supplied false information. As for their breach of fiduciary duty cause of action, appellants admitted they had no evidence that the Law Firm breached a duty, no evidence of proximate cause, or damages. On their breach of contract action, appellants admit there was no contract between appellants and Agosto and Sorrells, the individual defendants. With respect to appellants' fraud-based claims, appellants conceded in

---

[11] Appellants contend they were unable to submit such evidence given the trial court's denial of their motion to compel, which we have held was not an abuse of discretion.

17

their summary judgment response that they had no evidence the Law Firm made a material misrepresentation or failed to disclose material information. As for their DTPA claims, appellants admitted in their summary judgment response that they had no evidence that the Law Firm committed a false act in violation of the DTPA or made an express misrepresentation that could not be characterized as advice, judgment, or an opinion. Finally, on fee forfeiture, appellants admitted in their summary judgment response that they had no evidence that the Law Firm engaged in wrongful conduct or violated a duty.

Because appellants admitted that they did not produce summary judgment evidence on each challenged element of their causes of action listed above, the trial court correctly granted the Law Firm's no-evidence motion. *See* Tex. R. Civ. P. 166a(i); *see San Saba Energy, L.P.*, 171 S.W.3d at 328.[12]

> **D.  The trial court correctly granted the Law Firm's motions for partial summary judgment on appellants' breach of contract and breach of fiduciary duty claims concerning the common expenses charged to appellants.**

On appeal, appellants argue they produced sufficient evidence to create a fact issue and avoid summary judgment on their breach of contract and breach of fiduciary duty causes of action. Appellants point to a single piece of evidence as raising a genuine issue of material fact: the Law Firm "judicially admitted" that "there are not similarly situated claimants," which is some evidence that the Law Firm improperly charged appellants "arbitrary general expenses and common expenses" it incurred in handling BP Explosion claims. Because both causes of

---

[12] To the extent appellants attempt to challenge the trial court's sustaining of the Law Firm's objections to the summary judgment evidence they did submit, we conclude they have waived the issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i) (requiring brief on appeal to include clear and concise argument for contentions made including appropriate citations to record and legal authorities).

18

action rest on the allegation that the Law Firm exceeded its contractual right under its fee agreements with appellants to charge common expenses, we address them together.

The fee agreements at issue provide:

> Client understands and agrees [the Law Firm] may handle this case as part of a group (2 or more) of cases similarly situated. Client is aware that common expenses may be incurred on behalf of the group and Client authorizes [the Law Firm] to apportion those expenses using [the Law Firm's] professional judgment.

Appellants contend the trial court erred when it granted the Law Firm's traditional and no-evidence motions for partial summary judgment on their breach of contract and breach of fiduciary duty causes of action because the Law Firm, through an affidavit of appellee Benny Agosto, judicially admitted there were no similarly situated clients to appellants.

In his affidavit, Agosto stated that "none of the other BP Explosion clients retained [the Law Firm] as a common attorney with other claimants." He also stated that "in connection with the BP Amoco litigation, [the Law Firm] represented more clients than merely [appellants] Jose Hernandez, Raul Vasquez, and Javier Vasquez." Agosto also stated that each BP Explosion client signed a separate power of attorney with the Law Firm and none agreed to retain the Law Firm jointly with appellants. Agosto went on to explain that each of the Law Firm's BP Explosion "client's cases was negotiated separately based on their own individual damages, lost wages, medical bills, and other personal injuries." Finally, Agosto stated:

> a Plaintiffs' Steering Committee . . . was ultimately formed for the joint interest of prosecuting liability aspects of a BP Amoco case on behalf of all clients represented by multiple law firms—not merely [the Law Firm]. Notwithstanding the common goal of many law

19

firms of establishing liability for actual and punitive damages, the actual settlements and damages aspect of each client's claim was handled separately. The Plaintiffs' Steering Committee did not handle the damages component of any parties' claim. And because no common interest existed, there was no joint sharing of clients' separate medical records.

According to appellants, these statements show that they and other clients were not similarly situated, so the Law Firm was not permitted to deduct any common expenses from their recoveries under the fee agreements. Because the Law Firm nevertheless deducted common expenses, appellants conclude that it breached both the fee agreements and its fiduciary duties by doing so, and the trial court erred when it granted the Law Firm's motions for partial summary judgment on those causes of action.

The Law Firm responds that summary judgment was appropriate on both causes of action because (1) the fee agreements authorized the deduction of common expenses incurred in prosecuting similarly situated cases and did not reference similarly situated clients; and (2) Agosto did not state that appellants were not similarly situated with other BP Explosion clients. We agree with the Law Firm.

To prevail on a traditional motion for summary judgment, the movant must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A defendant who conclusively negates an essential element of a plaintiff's claim is entitled to summary judgment on that claim. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). With respect to a no-evidence motion, as discussed above, a defendant is entitled to summary judgment on a claim if the plaintiff fails to produce evidence raising a genuine issue of material fact on each

20

of the challenged elements of that claim.

To prove a breach of contract claim, a plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damage resulting to the plaintiff from the breach. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). When, as here, the facts are undisputed, determining whether a party breached a contract is a question of law for the court to decide and not a question of fact for the jury. *May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In construing a written contract, an appellate court's primary goal is to ascertain the true intentions of the parties as expressed in the instrument. *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). When construing a contract, we give contract terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). We construe contracts from a utilitarian standpoint, bearing in mind the particular business activity sought to be served, and we avoid, when possible and proper, a construction that is unreasonable, inequitable, or oppressive. *Frost Nat'l Bank v. L & F Distrib., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). Courts are not authorized to rewrite agreements to insert provisions parties could have included or to imply terms for which they have not bargained. *Tenneco, Inc. v. Enterprise Prod. Co.*, 925 S.W.2d 640, 646 (Tex. 1996). In other words, courts cannot make contracts for the parties. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998).

In their argument, appellants emphasize a single paragraph from the fee agreements while ignoring the remainder. They also ask this court to rewrite the

21

language of the emphasized paragraph by substituting "clients" for "cases." This we cannot do. *HECI Exploration Co.*, 982 S.W.2d at 888. Instead we must consider the entire agreement as drafted by the parties.

The fee agreements provide that each appellant retained the Law Firm specifically to handle their claims growing out of the BP Explosion. The fee agreements informed appellants that expenses would be incurred in the course of the Law Firm handling their claims. The fee agreements also informed appellants that, in the event there was a recovery, they were responsible for payment of all expenses incurred in the handling of each appellant's claim, including a share of the common expenses incurred in the handling of "cases similarly situated." The fee agreements never mentioned "similarly situated clients."

Turning to Agosto's affidavit, he explained that the Law Firm was handling a group of clients, including appellants, who asserted claims arising out of the BP Explosion. Agosto went on to explain that although each BP Explosion client's damages were unique, there were common liability issues applicable to the entire group of plaintiffs, and these aspects of the claims were pursued collectively. Appellants produced no evidence contesting Agosto's affidavit.

We conclude the fee agreements authorized the Law Firm to deduct from each appellant's recovery a portion of the common expenses incurred in prosecuting the claims of the Law Firm's BP Explosion clients. In addition, we conclude that Agosto's undisputed affidavit testimony established that appellants' cases were similarly situated with the Law Firm's other BP Explosion cases to the extent that they shared a common interest in imposing liability on BP.

Because the fee agreements authorized the Law Firm to deduct a portion of its common expenses from each appellant's recovery under these circumstances, we conclude the Law Firm did not breach the fee agreements when it did so. *See*

22

*May*, 422 S.W.3d at 100 (stating that whether party has breached contract when facts are undisputed is question of law); *see also Singleton v. Elliot*, No. 14-13-00040-CV, 2014 WL 1922260, at \*4 (Tex. App.—Houston [14th Dist.] May 13, 2014, no pet.) (mem. op.) (holding non-movant's summary judgment evidence did not raise fact issue preventing summary judgment on movant's breach of contract cause of action). Similarly, because we have determined that Agosto's affidavit does not address, let alone admit, that there were no "cases similarly situated," appellants have failed to demonstrate that they raised a genuine issue of material fact that the Law Firm acted arbitrarily in breach of a fiduciary duty when it deducted a share of the common expenses from each appellant's recovery. For these reasons, we hold the trial court did not err when it granted the Law Firm's motions for traditional and no-evidence summary judgment on appellants' breach of contract and breach of fiduciary duty causes of action based on the deduction of common expenses from their recoveries.

### E. The trial court did not err when it granted the Law Firm's traditional motion for partial summary judgment to recover the proceeds in the registry of the court.

Finally, appellants contend the trial court erred when it granted the Law Firm's traditional motion for partial summary judgment seeking to recover the proceeds the Law Firm had deposited into the registry of the trial court. In that motion, the Law Firm asserted it was entitled to the deposited funds, which were the attorneys' fees and expenses it had earned in representing appellants, because it had moved for summary judgment on each of the causes of action asserted by appellants. According to the Law Firm, once the trial court granted those motions in favor of the Law Firm and thereby disposed of all of appellants' causes of action, there was no basis for appellants to claim the funds or for the trial court to retain them in the registry of the court. The trial court granted the Law Firm's

motion and released the funds to the Law Firm.

Having affirmed the trial court's granting of the Law Firm's motions for partial summary judgment disposing of all of appellants' causes of action, we agree with the Law Firm that appellants have no claim to the funds in the trial court registry. We therefore affirm the trial court's granting of the Law Firm's motion for partial summary judgment seeking to recover the proceeds in the registry of the court. We overrule appellant's fourth issue challenging the trial court's summary judgments.

## CONCLUSION

Having overruled all issues raised by appellants in this appeal, we affirm the trial court's judgment.


/s/    J. Brett Busby
        Justice


Panel consists of Justices McCally, Busby, and Donovan.