**Petition for Writ of Mandamus Dismissed, in Part, and Denied, in Part, and Memorandum Opinion filed October 17, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00326-CV

## IN RE LIZETTE VENTURA, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-21633**

## MEMORANDUM OPINION

Relator Lizette Ventura filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Ventura asks this court to compel the Honorable Elaine Palmer, presiding judge of the 215th District Court of Harris County, to (1) vacate her March 10, 2017 order denying Ventura's motion to compel the deposition of the corporate representative of real party in interest Allstate Fire and Casualty Insurance

Company, and (2) grant the motion. We dismiss the petition, in part, and deny it, in part.

## BACKGROUND

Lizette Ventura, an Allstate insured, was involved in an automobile accident. The other driver, who rear-ended Ventura, left the scene and that driver's identity is unknown. Ventura submitted a claim to Allstate for payment of uninsured motorist benefits, and Allstate denied Ventura's claim. Ventura has sued Allstate for breach of contract for failure to pay her benefits under the policy. Ventura also seeks a declaratory judgment (1) that her claim for uninsured motorist benefits is covered by her policy; (2) that the negligence of the uninsured driver was the proximate cause of her injuries; and (3) as to the amount of benefits she is entitled to recover under the policy. Ventura also alleged breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code related to Allstate's handling of her claims. The trial court severed and abated Ventura's extra-contractual claims until Ventura's breach-of-contract claim is resolved.

Ventura served Allstate with a corporate-representative deposition notice accompanied by a list of twenty-nine deposition topics. After Allstate moved twice to quash the deposition, Ventura filed a motion to compel the deposition of the corporate representative. The trial court held a hearing on Ventura's motion to compel and denied the motion. Ventura brings this mandamus proceeding, asserting that the trial court abused its discretion by denying the motion to compel the deposition of Allstate's corporate representative.

2

## MANDAMUS STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The relator may not have an adequate remedy by appeal when the trial court has not allowed discovery, such discovery cannot be made part of the appellate record, and the reviewing court is not able to evaluate the effect of the trial court's error on the record before it. *Walker v. Packer*, 827 S.W.2d 833, 843−44 (Tex. 1992) (per curiam).

## ANALYSIS

### I.   Allstate's Offer to Produce a Corporate Representative for Deposition

Although the trial court impliedly sustained various Allstate objections to each of the deposition topics, after Ventura filed her mandamus petition in this case, Allstate offered its corporate representative for deposition on topics 10, 11, 15, 16, 17, 18, 19, 20, 26, 27, and 28, while reserving the right to object at the deposition to questions that Allstate believes seek information protected from disclosure as attorney-client privileged communications or as attorney-work-product. Allstate's offer to present a corporate representative renders Ventura's request for mandamus relief as to these eleven topics moot.

Allstate may object at the deposition to questions that Allstate believes seek information protected from disclosure by the attorney-client privilege or as attorney-work-product. Such objections may be addressed at a hearing conducted by the trial court. *See* Tex. R. Civ. P. 199.5, 199.6.

## II. Ventura's Failure to Challenge All of Allstate's Objections

In Allstate's Motion to Quash and in Allstate's response in opposition to Ventura's motion to compel the deposition, Allstate objected to Ventura's proposed list of deposition topics on several grounds. The trial court denied the motion to compel without specifying the basis, thus implicitly sustaining all of Allstate's objections. *See K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). Ventura was required to challenge each objection Allstate raised to each of the proposed depositions topics. *See Hernandez v. Abraham, Watkins, Nichols, Sorrels & Friend*, 451 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (stating that the appellants were required to demonstrate that none of the appellee's objections supported the trial court's denial of the appellants' motion to compel). As to deposition topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 21, 22, 23, 24, 25, and 29, in her mandamus petition, Ventura neither challenges nor presents argument with respect to one or more of the discovery objections as to each of these topics. Ventura's mandamus petition does not contain any argument, analysis, record citations, or legal authority showing that the trial court clearly abused its discretion in sustaining at least one of the objections as to each of these deposition topics. *See In re Citizens Supporting MetroSolutions, Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.). Because Ventura has not made the requisite showing, she has not

4

satisfied her burden for mandamus relief; therefore, we deny her petition as to deposition topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 21, 22, 23, 24, 25, and 29 *See id*.

## CONCLUSION

Accordingly, we dismiss Ventura's petition for writ of mandamus as moot with respect to deposition topics 10, 11, 15, 16, 17, 18, 19, 20, 26, 27, and 28. We deny the remainder of the petition with respect to topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 21, 22, 23, 24, 25, and 29.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Wise.