Connie PIRTLE, Appellant,

v.

Zafar I. KAHN, Newport Asset Management, Inc., E.H. Apartments, A Texas Limited Partnership, Skyline Holdings, Inc., and Eagle Hollow Apartments a/k/a E.H. Apartments, Greystar Management Services, L.P. d/b/a Greystone Management Services d/b/a/ Eagle Hollow Apartments And Greystone Holdings, Inc., Appellees.

No. 01–04–00147–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 2005.

Rehearing Overruled Sept. 19, 2005.

Connie Pirtle, Tahoka, TX, Damon C. Richards, Lubbock, TX, for Appellant.

Andrew C. Schirrmeister, III, George Diaz–Arrastia, Ruth Ellen Shapiro, Schirrmeister Diaz–Arrastia, LLP, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Connie Pirtle, brought suit against appellees, Zafar I. Khan, Newport Asset Management, Inc., E.H. Apartments, a Texas Limited Partnership, Skyline Holdings, Inc., and Eagle Hollow Apartments a/k/a E.H. Apartments, Greystar Management Services, L.P. d/b/a Greystone Management Services d/b/a Eagle Hollow Apartments and Greystone Holdings, Inc. for negligence, premises liability, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA).[1] In one point of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment.

We affirm in part and reverse in part.

## Background

On September 27, 1994, appellant signed a lease agreement to rent an apartment at Eagle Hollow Apartments (Eagle Hollow) from appellees. Appellant became sick shortly after moving into Eagle Hollow. She visited a number of physicians over the years who diagnosed her with a host of aliments. These included a diagnosis of Epstein–Barr virus in December 1994 or 1995 and a diagnosis of fibromyalgia in 1996.

In July 1999, appellant noticed a leak in the ceiling of her apartment and found mold. She stated in her deposition that she had a "major revelation" when she found the mold and that "I was delighted to have found a leak because I believed

---

1. Tex. Bus. & Com.Code Ann. § 17.46(b)(12) (Vernon Supp.2004–2005).

that was why—that made sense to me that my health had been absolutely deteriorating since the moment I moved in there." Appellant contacted the management at Eagle Hollow. Management sent a repairman who cleaned the air conditioning unit, sealed the mold, and painted the wall where the mold had been. On July 11, 2000, appellant wrote Eagle Hollow management and stated, "My doctors, who are giving me IVs every Tuesday and Thursday of intensive care combatants for immune deficiency disease, tell me that my home environment is my health problem."

On July 11, 2002, appellant filed this suit, alleging negligence, premises liability, fraud, and DTPA violations. Appellees filed a traditional motion for summary judgment alleging that appellant's causes of action were barred by the applicable statutes of limitations. *See* TEX.R. CIV. P. 166a(c).

The trial court granted appellees' motion for summary judgment, without stating its reasons, and dismissed appellant's causes of action. This appeal followed.

## Standard of Review for Summary Judgment

The standard of review for a traditional motion for summary judgment requires the defendant who filed the summary judgment *motion (1) to show that there is* no genuine issue of material fact as to at least one element of each of the plaintiff's causes of action or (2) to establish each element of the defendant's affirmative defense. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). We assume all the evidence favorable to

the non-movant (appellant) is true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in favor of the non-movant. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001). When, as here, the trial court's summary judgment order does not specify the ground or grounds on which summary judgment is rendered, we will affirm the summary judgment if any ground stated in the motion is meritorious. *Id.* (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989)).

## Discussion

In one point of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment because appellees did not establish their affirmative defense of limitations with respect to any of her claims.

### *Applicable Limitations Periods*

■ Appellant alleged causes of action for negligence, premises liability, fraud, and DTPA violations. Appellant's negligence and premises liability causes of action are both actions for personal injury governed by Texas Civil Practice and Remedies Code section 16.003. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 2002); *Mellon Serv. Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 435 n. 1 (Tex. App.-Houston [1st Dist.] 2000, no pet.) (applying section 16.003 to negligence cause of action); *Brinker v. Looney*, 135 S.W.3d 280, 284 (Tex.App.-Fort Worth 2004, no pet.) (applying section 16.003 to premises liability).[2] Section 16.003 provides that a person must bring a suit for personal injury within two years after the cause of

---

**2.** Appellant pled that a condition on appellees' premises, namely the presence of toxic mold, posed an unreasonable risk of irreparable harm and was the proximate cause of her permanent disability and that appellees knew about the condition and did not exercise rea-

sonable care to reduce or eliminate the risk. A premises defect is thus a personal injury action subject to the two-year statute of limitations in section 16.003. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003; *Brinker*, 135 S.W.3d at 284.

action accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003.

■ The statute of limitations for appellant's DTPA claim is provided by section 17.565 of the Texas Business and Commerce Code. See TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002). Like the negligence and premises liability claims brought by appellant, DTPA claims must be brought within two years "after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." *Id.; J.M. Krupar Const.*, 95 S.W.3d at 329.

■ Appellant's fraud cause of action is governed by section 16.004 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(4) (Vernon 2002). Section 16.004(a)(4) provides that a suit for fraud must be brought within four years after the day the cause of action accrues. *Id.; see Shannon v. Law–Yone*, 950 S.W.2d 429, 433 (Tex.App.-Fort Worth 1997, pet. denied).

### Proof of Affirmative Defense of Limitations

■ A defendant is entitled to summary judgment on the affirmative defense of limitations if, by presenting summary judgment evidence, he conclusively proves all the elements of the affirmative defense as a matter of law. *Pustejovsky v. Rapid–American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). This includes conclusively proving when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). A cause of action generally accrues when an injury results from a wrongful act, regardless of when the plaintiff learns of his injury. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex.1998). However, in those rare cases when the nature of the injury is inherently undiscoverable and evidence of the injury is objectively verifiable, the courts have crafted the discovery rule as an exception to the general accrual rule. *Id.* at 36–37.

■ The discovery rule is a limited exception to a statute of limitations and applies only if the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996). The discovery rule does not linger until a plaintiff learns of actual causes and possible cures for his injuries. *PPG Indus., Inc. v. JMB/Houston Ctr. Ltd. P'ship.*, 146 S.W.3d 79, 93 (Tex.2004). Rather, the cause of action accrues when the plaintiff knows, or through the exercise of reasonable care and diligence should have discovered, the nature of his injury and the likelihood that it was caused by the wrongful acts of another. *Childs*, 974 S.W.2d at 40; *see Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Accordingly, the discovery rule requires a plaintiff to seek information about his injuries and their likely cause once he is apprised of facts that would make a reasonably diligent person seek information. *Childs*, 974 S.W.2d at 47; *see also Stewart Title Guar. Co. v. Becker*, 930 S.W.2d 748, 756 (Tex.App.-Corpus Christi 1996, writ denied) (holding that because rule mandates reasonable diligence, tolling of limitations statute by discovery rule ends when party claiming benefits of rule acquires knowledge of facts, conditions, or circumstances that would cause reasonable person to make inquiry leading to discovery of concealed cause of action); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 754 (Tex.App.-Amarillo 1995, writ. denied) (same).

When a plaintiff discovers or should have discovered the cause of his injury and whether a particular plaintiff exercised due diligence in so discovering are questions of fact. *See Childs*, 974 S.W.2d at 44; *Wheeler*, 95 S.W.3d at 637. However, if reasonable minds could not differ about the conclusion to be drawn from the facts, the commencement of the limitations period may be determined as a matter of law. *Childs*, 974 S.W.2d at 44. If the plaintiff pleads the discovery rule as an exception to limitations, the defendant moving for summary judgment on limitations has the burden of negating the exception. *Pustejovsky*, 35 S.W.3d at 646. The plaintiff must adduce summary judgment evidence raising a fact issue in avoidance of limitations. *Id.; J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 330 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (stating that it is plaintiff's burden to plead and prove facts supporting discovery rule). The defendant must then negate the fact issue. *Childs*, 974 S.W.2d at 36. The defendant may do so by (1) showing that the discovery rule does not apply or (2) proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of his injury. *Id.; Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex.App.-San Antonio 1998, pet. denied) (citing *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990) and *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n. 2 (Tex.1988)).

### Application of Law to Facts

Appellant contends that her injuries were latent and inherently undiscoverable so that the discovery rule applies. She argues that the trial court erred in relying on her deposition testimony that she found the leak and the mold on July 14, 1999, and on her July 11, 2000 letter to Eagle Hollow management stating that her doctors had told her "my home environment is my health problem," to establish the accrual date of her causes of action. She argues that in those documents she was expressing her mere suspicion and subjective beliefs that her sickness was caused by the mold in her apartment and that these, standing alone, are insufficient to establish the accrual date of her causes of action as a matter of law; rather an "objective verification of a causal connection" between her exposure to the mold and her symptoms is required. *See Childs*, 974 S.W.2d at 42. Appellant contends she did not discover her causes of action until sometime in 2002, when she received the results of environmental mold tests and was diagnosed with mold-related illnesses.

Appellees argue that, unlike asbestosis or AIDS, in which the nature of the disease is initially undetectable and dormant, and in which no immediate injury manifests itself to alert the potential plaintiff, appellant was sick immediately upon moving into Eagle Hollow in 1994 and was promptly diagnosed with a number of ailments. They contend that, therefore, appellant's causes of action accrued in 1994. As summary judgment proof, appellees filed appellant's interrogatories and depositions showing that appellant stated that she became sick immediately upon moving into Eagle Hollow in 1994. They argue that, applying the two-year statute of limitations, appellant's negligence, DTPA, and premises liability causes of action expired in 1996.

Appellees also contend that their alleged false statements regarding the air conditioning on the property and the suitability of the property for human habitation, which appellant contends fraudulently induced her to sign the lease, were made prior to appellant's signing the lease in 1994. They argue that appellant's fraud

claims are actually misrepresentation claims similar to her DTPA claims so that the two-year limitations period applies to them as well.[3] However, appellees argue that even if the four-year statute of limitations for fraud applies, those claims expired in 1998, four years after the alleged misrepresentations were made, because they were predicated on representations that the apartment was suitable for habitation and sanitary and that appellant became ill immediately after moving in,

Finally, appellees contend that, even if the discovery rule applies to any or all of appellant's claims, appellant's causes of action accrued, at the latest, on July 14, 1999, when she found the leak and saw the mold. Appellees argue that appellant's petition, responses to interrogations, and deposition testimony demonstrate that appellant was actually aware of the mold and concluded that the mold was the source of her poor health on that date.

 We agree with appellees that appellant's illnesses do not constitute a latent disease. However, as explained above, the discovery rule does not apply only to latent occupation-related diseases. *See Childs*, 974 S.W.2d at 36–37; *Computer Assocs. Int'l*, 918 S.W.2d at 455. Rather, discovery occurs when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered (1) the nature of his injury and (2) the likelihood that it was caused by the wrongful acts of another. *See Childs*, 974 S.W.2d at 40; *Wheeler*, 95 S.W.3d at 636. Thus, for the cause of action to accrue, the plaintiff must have knowledge of facts that would cause a reasonably prudent person to make an inquiry that would lead to discovery of the concealed cause of action. *See Wheeler*, 95 S.W.3d at 636.

 Although appellant became sick in 1994, and was diagnosed with Epstein–Barr virus in December 1994 or 1995 and with fibromyalgia in 1996, there is no evidence in the summary judgment record of appellant's knowledge of facts in 1994, 1995, or 1996 that would have put a reasonable person on notice that her illnesses were related to exposure to a toxic substance in her living environment and that she should investigate to find the cause. Regardless of any suspicion or beliefs appellant may have had about the cause of her illnesses in 1994, however, and regardless of whether she was put on notice at some earlier time of facts not in the record that would have led a reasonably diligent person to investigate a causal connection between her illnesses and her apartment, it is clear that appellant obtained facts sufficient to require her to investigate a causal connection between the mold and her illnesses at the latest, by July 14, 1999, when she found the leak in her apartment, saw the mold, and immediately drew the inference that the mold caused her illnesses. She was then, as a matter of law, on notice of "facts, conditions, or circumstances" that would cause a reasonable person to make an inquiry that would lead to discovery of any concealed causes of action. *See Becker*, 930 S.W.2d at 756; *Bell*, 899 S.W.2d at 754. Despite such notice, appellant waited more than three years to confirm the causal connection be-

---

3. Appellant pled that appellees made certain material and untrue oral representations to her, prior to her entering the Eagle Hollow lease, namely that (1) the property was suitable for human habitation, (2) the property was sanitary, and (3) the air conditioning on the property was suitable for the climate in Houston, Texas. She pled that appellees positively asserted the statements and either they knew the statements were false or recklessly made them without any knowledge of the truth. Appellant pled that she relied on appellees' statements prior to entering into the lease.

tween the mold and her diseases and to bring suit.

■ As a matter of law, we hold that appellant was on notice as of July 14, 1999, of facts that would cause a reasonable person to make inquiries sufficient to discover her causes of action. Because appellant did not file this lawsuit until nearly three years after this date, her causes of action for negligence, premises liability, and violations of the DTPA[4] are barred by limitations. However, despite appellees' contention that appellant's fraud cause of action is subject to a two-year statute of limitations, appellant pled the elements of common law fraud or fraudulent inducement. Because fraud is subject to a four-year statute of limitations,[5] and because appellees failed to bear their summary judgment burden of establishing as a matter of law that appellant's cause of action for fraud accrued more than four years before this suit was filed, we hold that the trial court erred in granting summary judgment on limitations on appellant's fraud claim.

We overrule appellant's sole issue with respect to her claims of negligence, premises liability, and DTPA violations. We sustain appellant's issue with respect to her fraud claim.

### Conclusion

We affirm the judgment of the trial court in part and reverse in part. We remand the case to the trial court for further proceedings in accordance with this opinion.

---

**4.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003; TEX. BUS. & COM.CODE ANN. § 17.565.

---

**5.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(4).