# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00493-CV

---

### In re the Springs Condominiums, L.L.C. d/b/a The Springs

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

In this original proceeding, we consider whether the district court abused its discretion by denying a motion to dismiss certain personal-injury claims filed after expiration of the applicable statute of limitations when the petition raised no issue concerning tolling or the discovery rule. Because we conclude that the district court abused its discretion by not dismissing the time-barred claims, we will conditionally grant the petition for writ of mandamus.

### BACKGROUND

Real party in interest Caitlin Donovan sued relator The Springs Condominiums, L.L.C. d/b/a The Springs, alleging personal-injury damages resulting from mold exposure in her apartment and pleading causes of action for negligence, gross negligence, other unspecified "tort claims," and breach of contract. Donovan's petition states that she took possession of a unit at the "Springs Apartments" in 2014 and that she began experiencing health problems sometime after she moved in. She saw her physician on March 27, 2019, for a visual contrast sensitivity test that screened for an illness called Chronic Inflammatory Response Syndrome (CIRS). On

April 9, 2019, Donovan and her physician reviewed the results of her visual contrast sensitivity test, which "were suggestive of a diagnosis of CIRS due to mold." Donovan's physician then provided her with an "environmental relative moldiness index" test kit "to test for mold in [her] apartment-home, to determine if her apartment was a source of the mold." Donovan performed the test and on May 3, 2019, received results indicating "toxic mold" in her apartment. In June 2019, Donovan hired an inspector who confirmed that her apartment had mold contamination, and Donovan vacated the apartment that same month. Donovan filed suit on April 20, 2021, two years and ten days after she and her doctor reviewed the test results indicating a CIRS diagnosis due to mold.

Springs Condominiums answered Donovan's suit, asserting the affirmative defense of limitations and pleading a counterclaim for unpaid rent and reletting fees under her apartment lease. *See* Tex. R. Civ. P. 94 (addressing pleading of affirmative defenses, including statute of limitations), 97 (addressing pleading of counterclaims). Springs Condominiums also filed a timely motion to dismiss Donovan's negligence, gross negligence, and "tort claims," contending that those causes of action had no legal basis because they were filed on April 20, 2021, more than two years after April 9, 2019, when Donovan and her physician reviewed the results of her visual contrast sensitivity test that were "suggestive of a diagnosis of CIRS due to mold." *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (establishing two-year statute of limitations for personal-injury claims); *Pirtle v. Kahn*, 177 S.W.3d 567, 570-71 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (same); *see also* Tex. R. Civ. P. 91a.1 (authorizing party's filing of motion to dismiss for cause of action that lacks legal or factual basis), 91a.2 (requiring movant to identify each cause of action to which motion is addressed and state reasons why cause of action has no basis in law or in fact, or both).

Donovan's petition did not raise any issue affecting the running of limitations, such as tolling or the discovery rule. She did not amend her petition in response to the motion to dismiss but served a brief in opposition to the motion on July 1, 2021, only five days before the district court's July 6, 2021 hearing on the motion.[1] *See* Tex. R. Civ. P. 91a.7 (requiring filing of any response to motion to dismiss "no later than seven days before the date of the hearing"). After the hearing, the district court signed an order denying the motion to dismiss. Springs Condominiums then filed this petition for writ of mandamus. We requested a response from Donovan to the mandamus petition, but none was filed. *See* Tex. R. App. P. 52.4.

**DISCUSSION**

Springs Condominiums contends that the trial court abused its discretion by denying its Rule 91a motion seeking dismissal of Donovan's tort, negligence, and gross negligence claims because they were filed after the expiration of the applicable two-year statute of limitations and thus, lacked legal merit.[2] Springs Condominiums further contends that mandamus review is necessary to spare the time and money that would be "wasted enduring eventual reversal of clearly barred claims." We agree.

Rule 91a allows a party to file a motion to dismiss a cause of action that has no basis in law. Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to

---

[1] The copy of Donovan's "brief in opposition" to the Rule 91a motion to dismiss in the mandamus record does not bear a file mark, but the certificate of service states that it was served on counsel of record on July 1, 2021.

[2] The Rule 91a motion did not address Donovan's breach-of-contract claim, which remains pending, along with Springs Condominiums' counterclaim for unpaid rent and reletting fees.

the relief sought." *Id.* When ruling on a Rule 91a motion to dismiss, a court may not consider evidence but "must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits." *Id*. R. 91a.6. We review the merits of a Rule 91a ruling de novo. *In re Farmers Tex. Cty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss. *Id.* An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *Id.* A traditional appeal after final judgment is an inadequate remedy when a "legally invalid lawsuit" is not dismissed under Rule 91a. *In re Houston Specialty Ins.*, 569 S.W.3d 138, 141-42 (Tex. 2019) (orig. proceeding). Rather, mandamus relief is proper when it spares "private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 142.

Here, the mandamus record shows that Donovan filed her personal-injury claims against Springs Condominiums on April 20, 2021. Personal-injury claims have a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Donovan's original petition did not raise any issue affecting which days counted toward the running of limitations, and she did not amend that pleading.

In her untimely response to the Rule 91a motion, Donovan argued that she did not know her injuries "were likely caused by high levels of toxic mold *in her apartment* until May 3, 2019." (Emphasis in original.) Additionally, she argued that the motion to dismiss could not be

4

granted because the contention that her personal-injury claims were time-barred required the district court to "look beyond [her] original petition" to determine whether Springs Condominiums had raised the affirmative defense of the statute of limitations in its answer. *See* Tex. R. Civ. P. 94. Relying on *Bedford Internet Office Space, LLC v. Texas Insurance Group* and its construction of Rule 91a, Donovan contended that the district court was "prohibited from considering anything other than the motion and [her] petition." *See* 537 S.W.3d 717, 720-21 (Tex. App.—Fort Worth 2017, pet. dism'd) (holding that trial court erred in dismissing claims under 91a because it had to "look beyond Bedford's pleadings and consider whether TIG raised the affirmative defense of statute of limitations in its pleadings in order to dismiss Bedford's claims on the basis that they were barred by limitations"); *see also* Tex. R. Civ. P. 91a.6 (providing that "the court may not consider evidence in ruling on the motion [to dismiss] and must decide the motion based solely on the pleading of the cause of action").

However, even if those arguments had been presented to the district court in a timely filed response to the motion to dismiss, they are not persuasive. "Knowledge of injury initiates the accrual of the cause of action and triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem, even if the claimant does not know the specific cause of the injury or the full extent of it." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 209 (Tex. 2011); *see In re Jorden*, 249 S.W.3d 416, 422 (Tex. 2008) (orig. proceeding) ("[A] cause of action accrues for limitations purposes when a claimant learns of an injury, even if the rest of the essential facts are unknown."); *see also Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021) (noting that "once the defendant's wrongful conduct causes a legal injury, the injured party's claims based on that

wrongful conduct accrue—and the limitations period begins to run—even if . . . the claimant does not yet know the specific cause of the injury or the party responsible for it").

Here, Donovan had knowledge of her injury—and the limitations period for her personal-injury claims began—on April 9, 2019, the date that she and her physician reviewed her test results attributing her CIRS diagnosis to exposure to mold and that she was provided with the kit to test for mold in her apartment. *See Exxon*, 348 S.W.3d at 209; *Jorden*, 249 S.W.3d at 422. As we have noted, Donovan's petition did not raise any issue affecting the running of limitations, such as tolling or the discovery rule. Under Texas law, Springs Condominiums had no burden to negate those issues unless Donovan raised them. *Cf. Draughon v. Johnson*, 631 S.W.3d 81, 88-90 (Tex. 2021) (noting, in summary-judgment context, that defendant has burden "regarding any issues raised that affect which days count toward the running of limitations—such as accrual, the discovery rule, and tolling," and that "plaintiff must first raise the discovery rule" before burden shifts to defendant to negate it). Moreover, even if the discovery rule had been pled, the applicability of that rule "does not turn on whether the injured person knows the exact identity of the tortfeasor or all of the ways in which the tortfeasor was at fault in causing the injury." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018); *see Pirtle*, 177 S.W.3d at 573 (concluding, under discovery rule, that claimant's cause of action accrued when she "obtained facts sufficient to require her to investigate a causal connection between the mold and her illnesses" on date that she found leak in her apartment, saw mold, and drew inference that mold caused her illnesses).

Finally, we note that the district court was not precluded from granting the motion to dismiss the personal-injury claims on limitations grounds merely because it would have had to consider whether Springs Condominiums pled that affirmative defense in its answer. In *Bethel*

6

*v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, issued after the Fort Worth court's opinion in *Bedford*, the Texas Supreme Court concluded that Rule 91a "limits the scope of the court's factual inquiry—the court must take the 'allegations' as true—but does not limit the scope of the court's legal inquiry in the same way." 595 S.W.3d 651, 655 (Tex. 2020). The Court further concluded that when "deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Id.* Thus, "Rule 91a permits motions to dismiss based on affirmative defenses 'if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* at 656 (citing Tex. R. Civ. P. 91a.1). Affirmative defenses that are not conclusively established by the facts in a plaintiff's petition but require consideration of evidence are not a proper basis for a motion to dismiss "[b]ecause Rule 91a does not allow consideration of evidence." *Id.* (holding that dismissal was proper under Rule 91a because allegations in Bethel's petition showed that it was not entitled to relief).

On this record, we conclude that Springs Condominiums conclusively established its affirmative defense based on the facts in Donovan's petition. *See id.* Donovan's petition shows that the personal-injury claims alleged in her April 20, 2021 suit against Springs Condominiums were time-barred and, thus, that those claims had no legal basis and did not entitle her to the relief she sought. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); Tex. R. Civ. P. 91a.1. Further, an appeal after final judgment is an inadequate remedy because Springs Condominiums should not be required to spend time and money defending against claims that are precluded as a matter of law. *See In re Houston Specialty Ins.*, 569 S.W.3d at 142. Given the governing law, the district court's denial of Springs Condominiums' Rule 91a motion to dismiss

Donovan's personal-injury claims was an abuse of the district court's discretion and, therefore, mandamus relief is warranted. *See In re Houston Specialty Ins.*, 569 S.W.3d at 141-42; *In re Nationwide Ins.*, 494 S.W.3d at 712.

## CONCLUSION

We conditionally grant mandamus relief and direct the district court to vacate its order denying Springs Condominiums' Rule 91a motion to dismiss Donovan's tort, negligence, and gross-negligence claims against Springs Condominiums in the underlying case and to grant the motion. *See* Tex. R. App. P. 52.8(c); Tex. R. Civ. P. 91a.1. The writ will issue only if the district court fails to act in accordance with this opinion.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: December 8, 2021

8