**AFFIRM; and Opinion Filed February 16, 2024.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01191-CV

**MARISA LASERNA, Appellant**

**V.**

**BW VENTANA LLC AND SOUTH OXFORD MANAGEMENT LLC,**
**Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02937-E**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

Appellant Marisa Laserna sued BW Ventana LLC ("BW Ventana") and its management company, South Oxford Management, LLC ("South Oxford") (collectively "BW Ventana Entities"), alleging that she sustained personal injuries attributable to mold exposure while residing in an apartment she rented from BW Ventana. The BW Ventana Entities moved for traditional summary judgment urging Laserna's claims were time barred. Laserna responded urging her claims were timely filed under the discovery rule. The trial court granted the BW Ventana Entities' motion for summary judgment and dismissed Laserna's claims. On appeal,

Laserna, appearing *pro se*, challenges the trial court's ruling on the BW Ventana Entities' motion. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In July 2019, Laserna rented an apartment owned by BW Ventana and managed by South Oxford. On June 6, 2022, Laserna filed suit against the BW Ventana Entities asserting she had been exposed to toxic mold in her apartment. On June 28, the BW Ventana Entities filed their answer generally denying the allegations in Laserna's petition and asserting the affirmative defense of limitations.

On July 27, the BW Ventana Entities filed a traditional motion for summary judgment, in which they argued that Laserna's claim was barred by the applicable statute of limitations. In support of their motion, the BW Ventana Entities submitted (1) a demand letter dated January 26, 2021, from Laserna's attorney to South Oxford to which various medical records, a report from Realtime Laboratories, Inc., and a mold assessment summary were attached, (2) the declaration of a prior Chief Administrative Office for South Oxford with maintenance records for Laserna's apartment attached, and (3) a second demand letter from Laserna's attorney to the BW Ventana Entities dated November 18, 2021.

Laserna filed a response, attaching various medical records and a mycotoxin report, urging she did not know the nature of her injuries and the likelihood that they were caused by toxic mold exposure until a mycotoxin test was performed on August

3, 2020, showing the presence of mycotoxins and toxic mold throughout her body. Laserna claimed limitations did not begin to run until that date making her June 6, 2022, filing timely.

The BW Ventana Entities filed a reply, in which they addressed the discovery rule and attached additional medical records from Texas Health, Transcend Medical Group, and Environmental Health Center.

The record before the trial court and this Court establishes the following. In the January 26, 2021, demand letter, Laserna asserted that upon moving into the apartment in July 2019, she almost immediately began to feel ill. She further detailed how unknown substances began to grow inside her apartment and stated that in June 2020:

> [She] suffered acute breathing complications and chest pains and was forced to seek emergency medical attention. This event was attributed to her prolonged exposure to the aforementioned substances.

The letter more specifically indicated that Laserna went to the Emergency Room at Texas Health Presbyterian Hospital ("Texas Health") on June 1, 2020. South Oxford's maintenance records established Laserna first notified South Oxford about the possible existence of mold in her apartment on May 27, 2020, a few days before her emergency room visit. Medical records from Texas Health show Laserna sought treatment for breathing complications on June 1, 2020, and that her complaint was "mold exposure" in her apartment. She was diagnosed with "[d]yspensea and respiratory abnormalities, acute bronchospasm," and "mold suspected exposure."

The treating doctor's notes indicate "s/p exposure to mold in apartment onset months ago." "[Patient r]eports symptoms worsen when in apartment, improves when not." A record from Transend Medical Group dated December 10, 2020, approximately six months after Laserna's emergency room visit, included a note, "43 year old female is present today for F/U on HTN and Mold Exposure. PT states she has been exposed for the past year." Then on July 31, 2020, Laserna went to Environmental Health Center. Records dated July 31 from the center indicate that patient "[h]ad mold exposure in her apartment. Moved into the apartment 1 year ago, and started feeling sick . . . left the apartment on 6/2/20 and was in a hotel." The records further showed Laserna had elevated mycotoxins on lab reports. On August 3, 2020, mycotoxin and mold testing was done at RealTime Laboratories.

On October 7, 2022, the trial court granted the BW Ventana Entities' motion for summary judgment and dismissed Laserna's claims. This appeal followed.

## DISCUSSION

We review a trial court's summary judgment de novo. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

–4–

The traditional summary judgment movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true, and we must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.*, 890 S.W.2d at 800.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to establish the applicability of the defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *Id.* If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary-judgment proof raising a genuine fact issue in avoidance of the statute of limitations. *Id.*

A claimant must bring suit for personal injury or property damage not later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Generally, a cause of action accrues when a wrongful act causes some legal injury, when facts come into existence that authorize a claimant to seek

a judicial remedy, or whenever one person may sue another. *Am. Star Energy & Min. Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). A claimant's knowledge of injury initiates the accrual of a cause of action and triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem. *See In re Springs Condo., L.L.C.*, No. 03-21-00493-CV, 2021 WL 5814292, at *3 (Tex. App.—Austin Dec. 8, 2021, orig. proceeding) (mem. op.). The cause of action will accrue even if the claimant does not know the specific cause of the injury or its full extent. *Id.* (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 209 (Tex. 2011)).

However, under the discovery rule, a cause of action will not accrue until the plaintiff knew or should have known of the wrongfully caused injury. *Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 462 (Tex. App.—Dallas 2006, pet. denied). The discovery rule "does not turn on whether the injured person knows the exact identity of the tortfeasor or all of the ways in which the tortfeasor was at fault in causing the injury." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018).

The summary judgment evidence establishes Laserna visited the Emergency Room at Texas Health on June 1, 2020. Records from the hospital indicate that Laserna sought treatment for breathing complications she attributed to exposure to mold in her apartment. The hospital records include a diagnosis of mold suspected exposure. Records from Texas Health dated June 1, 2020, further reflect suspected exposure to mold in apartment onset months ago and that Laserna reported her

symptoms worsen when in the apartment and improve when not. Six months later, on December 10, 2020, Laserna told her treating physician that she has been exposed for the past year. The fact that Laserna received her mycotoxin test results on August 3, 2020, does not alter the fact that Laserna, at least by June 1, 2020, knew about her breathing problems and attributed them to an exposure to mold in her apartment, precluding the application of the discovery rule to extend the accrual of her cause of action beyond that date. *See In re Springs Condos.*, 2021 WL 5814292, at \*3 (limitations period accrued when claimant "had knowledge of her injury, the date that she and her physician reviewed [sic] her diagnosis to exposure to mold and [sic] was provided with the kit to test for mold in her apartment."); *Pirtle v. Kahn*, 177 S.W.3d 567, 573 (Tex. App.—Houston [1st Dist.] 2005, pet denied) (plaintiff's cause of action accrued when she found a leak, saw mold, and drew inference mold caused her illness).

Because the summary judgment record establishes that Laserna's cause of action accrued, at the very latest, on June 1, 2020, and she did not file suit within two years of the date of the accrual of her claim, her claim is time barred. Accordingly, the trial court did not err in granting the BW Ventana Entities' motion for summary judgment. We overrule Laserna's sole issue.

## CONCLUSION

We affirm the trial court's order granting summary judgment in favor of the BW Ventana Entities and dismissing Laserna's claim.

/Nancy Kennedy/
NANCY KENNEDY

221191F.P05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARISA LASERNA, Appellant

No. 05-22-01191-CV      V.

BW VENTANA, LLC, and
OXFORD MANAGEMENT LLC,
Appellees

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-22-02937-E.

Opinion delivered by Justice
Kennedy. Justices Nowell and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BW VENTANA, LLC, and OXFORD MANAGEMENT LLC recover their costs of this appeal from appellant MARISA LASERNA.

Judgment entered this 16th day of February 2024.