# IN THE SUPREME COURT OF TEXAS

═══════════
No. 17-1060
═══════════

═══════════════════════════════════════
IN RE HOUSTON SPECIALTY INSURANCE COMPANY, RELATOR
═══════════════════════════════════════

═══════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════

**PER CURIAM**

In this mandamus proceeding, relator Houston Specialty Insurance Co. ("HSIC") argues that the trial court erred by denying its Rule 91a motion to dismiss a declaratory judgment action because the declarations sought are of nonliability for legal malpractice. *See* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."). We agree and conditionally grant relief.

HSIC insured South Central Coal Company pursuant to a commercial general liability policy ("the Policy"). The Coal Company was sued in LeFlore County, Oklahoma by the Carters, who alleged that the Coal Company had mined coal under their property without authorization and then sold it for profit. Acting on the legal advice of law firm Thompson, Coe, Cousins, & Irons, LLP, HSIC denied the Coal Company's request for a defense and denied coverage under the Policy.

The Coal Company then filed third-party claims against HSIC in the *Carter* lawsuit alleging breach of contract and breach of the duty of good faith and fair dealing. The trial court granted the

Coal Company's motion for partial summary judgment on the issue of HSIC's duty to defend. The *Carter* lawsuit eventually ended with a settlement between the Carters and the Coal Company, which the parties refer to as the "*Carter* Settlement," and with a settlement between the Coal Company and HSIC, which the parties refer to as the "Insurance Settlement."

HSIC accused Thompson Coe of committing legal malpractice during its representation of HSIC in the *Carter* lawsuit and specifically by advising HSIC that it did not owe a duty to defend the Coal Company against the Carters' claims. HSIC demanded by letter that Thompson Coe pay more than $2.8 million—roughly the amount of the Insurance Settlement—to avoid litigation. Thompson Coe responded by preemptively filing the underlying suit in Harris County district court.

The sole cause of action pleaded by Thompson Coe is a request for declaratory relief under the Uniform Declaratory Judgments Act ("UDJA"). *See* TEX. CIV. PRAC. & REM. CODE ch. 37. Its live petition requests the following ten declarations:

a. There is no coverage under the Policy for the claims asserted in the *Carter* lawsuit;

b. There is no duty to defend owed under the Policy for the claims asserted in the *Carter* lawsuit;

c. The Oklahoma District Court's ruling that HSIC owed a duty under the Policy was incorrect as a matter of law;

d. Thompson Coe is not liable for any erroneous judicial opinions;

e. The *Carter* Settlement Agreement is collusive and/or unreasonable;

f. HSIC is not bound by the *Carter* Settlement Agreement or the *Carter* Judgment;

g. The Insurance Settlement Agreement is unreasonable;

2

h.        Thompson Coe is not bound by the *Carter* Settlement Agreement, the *Carter* Judgment or any other orders issued by the Oklahoma District Court;

i.         Thompson Coe is not bound by the Insurance Settlement Agreement;

j.         Thompson Coe was not negligent in issuing the Declination Letter.

HSIC filed a motion to dismiss Thompson Coe's claims under Texas Rule of Civil Procedure 91a, arguing that they have "no basis in law"[1] for several reasons, including that the suit violates the rule of *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985) (orig. proceeding), that a potential tort defendant may not use the UDJA to obtain a declaration of nonliability in tort. While that motion was pending, HSIC filed a legal malpractice suit against Thompson Coe in LeFlore County, Oklahoma, where the *Carter* lawsuit was litigated. The Harris County district court denied HSIC's Rule 91a motion, and the court of appeals denied HSIC's mandamus petition without addressing its merits. No. 14-17-00928-CV, 2017 WL 6330984 (Tex. App.—Houston [14th Dist.] Dec. 12, 2017, orig. proceeding) (per curiam) (mem. op.). After the court of appeals' ruling, Thompson Coe filed a motion in the Harris County case for an anti-suit injunction to preclude HSIC from pursuing litigation in Oklahoma and a motion in the Oklahoma case to abate or dismiss HSIC's claims. The Oklahoma trial court granted the motion to abate; thus, that litigation is currently stayed.

To obtain mandamus relief here, HSIC must establish that (1) the trial court abused its discretion by denying HSIC's Rule 91a motion to dismiss, and (2) HSIC has no adequate remedy by appeal. *In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014) (orig. proceeding). The first test

---

[1] "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1.

is easily met because the trial court's denial of HSIC's Rule 91a motion is a clear abuse of discretion under *Abor v. Black*.

The issue there was "whether a potential defendant in a negligence action can choose the time and forum for trial by beating the potential plaintiff to the courthouse and filing suit seeking a declaration of non-liability under [the UDJA]." *Abor*, 695 S.W.2d at 565. After her daughter died from being injected with the wrong drug during a chemotherapy session, Abor filed a wrongful death action in Harris County district court against the drug's manufacturer, the hospital where the injection occurred, and several hospital staff members. *Id.* The case was removed to federal court but then remanded for lack of diversity jurisdiction. *Id.* Before the case was redocketed in Harris County, the defendants filed a declaratory judgment action in Bell County seeking a declaration of nonliability. *Id.* Abor filed a plea in abatement in the Bell County suit, arguing that the defendants' claims were improper under the UDJA. *Id.* The Bell County trial court denied the plea. *Id.*

We stated that "[b]ecause [the UDJA] appears to give the courts jurisdiction over declarations of non-liability of a potential defendant in a tort action, . . . the Bell County District Court had jurisdiction over the suit." *Id.* at 566. But we went on to hold—in no uncertain terms and consistent with the rule in other jurisdictions—"that the trial court should have declined to exercise such jurisdiction because it deprived the real plaintiff of the traditional right to choose the time and place of suit." *Id.*

Five years later, in *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838 (Tex. 1990) (orig. proceeding), we commented on *Abor*'s significance, explaining that we had "eschewed use of a declaratory judgment action to 'deprive the real plaintiff of the traditional right to [choose] the time

4

and place of suit.'" *Id.* at 841 (quoting *Abor*, 695 S.W.2d at 566). In the years since, we have never recognized any exception or nuance to the rule that a potential tort defendant may not seek a declaration of nonliability in tort. *Cf. MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 668 (Tex. 2009) (declining to extend the rule of *Abor* to breach-of-contract cases and explaining that "[t]he 'real' plaintiff in a tort action is the injured party," whereas in a contract case, "each party [usually] claims the other breached").

Two of Thompson Coe's requested declarations, (d) and (j), expressly seek a declaration of nonliability, and each of the others is relevant only to a potential claim of legal malpractice by HSIC. Thompson Coe concedes as much but argues that trial courts have discretionary jurisdiction over a declaratory judgment action seeking declarations of nonliability in tort, and further, that a trial court may retain such an action if the tortfeasor–plaintiff also requests declarations that do not expressly ask for a determination of liability. For these propositions it relies on a lone case, *Hernandez v. Abraham, Watkins, Nichols, Sorrels & Friend*, 451 S.W.3d 58 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

In *Hernandez*, another legal malpractice case, the potential tort plaintiffs challenged the law firm's declaratory judgment action through an unsuccessful motion to dismiss. *Id.* at 61. Responding to the potential tort plaintiffs' argument that the trial court lacked jurisdiction over the law firm's suit under *Abor*, the court of appeals characterized our opinion as "confirm[ing]" that a trial court has jurisdiction to hear a declaratory judgment action seeking a declaration of nonliability in tort and also as teaching that a "trial court [has only] limited discretion to refuse to hear [such] a declaratory judgment action." *Id.* at 64 (citing *Abor*, 695 S.W.2d at 566). The *Hernandez* court went on to hold

5

that the trial court had not abused its discretion in that case because the law firm had "requested declaratory relief [that] went beyond a declaration of non-liability for a tort"—specifically, declarations on the discoverability of documents. *Id.*

The *Hernandez* court got *Abor* backwards, and we disapprove of the court's opinion to the extent of the conflict. Our comment in *Abor* that the UDJA "give[s] the courts jurisdiction over declarations of non-liability" in tort, 695 S.W.2d at 566, meant only that the issue raised by Abor was not one of jurisdiction; the issue was whether Texas law recognizes a request for a declaration of nonliability in tort as a valid claim. *Cf. Archer v. Anderson*, 556 S.W.3d 228, 229 (Tex. 2018) ("hold[ing] that there is no cause of action in Texas for intentional interference with inheritance"). Our opinion makes this clear by characterizing the defendants' attempted suit as "an unauthorized use of the Declaratory Judgment Act," *Abor*, 695 S.W.2d at 565, and by relying on caselaw from federal and other state courts that had rejected the use of a declaratory judgment action to seek a declaration of nonliability in tort, *see id.* at 566. A legally invalid claim cannot be saved by accompanying claims that may be valid.

Here, each of Thompson Coe's requested declarations are aimed at establishing a defense to a potential legal malpractice claim by HSIC. Under *Abor*, they are legally invalid, have "no basis in law," and should have been dismissed. TEX. R. CIV. P. 91a.1; *see In re Essex Ins. Co.*, 450 S.W.3d at 527–28 (holding that the trial court erred by denying Essex's Rule 91a motion to dismiss because the declaratory judgment requested by the plaintiff violated Texas' "no direct action" rule, which prohibits an injured party from suing a tortfeasor's insurance company before liability has been established).

The only question remaining is whether a traditional appeal after final judgment provides HSIC an adequate remedy. *See In re Essex Ins. Co.*, 450 S.W.3d at 526 (stating the two-pronged test for mandamus relief). We hold that it does not.

In *Abor* itself we declined to grant relief despite the trial court's error "because the law in Texas was not settled" when the trial court ruled and to remain consistent with precedent instructing that mandamus should not issue in an abatement case unless one of the trial courts involved had enjoined the other from proceeding. 695 S.W.2d at 567. We eventually clarified that this stringent standard had been abrogated by subsequent case law[2] and confirmed that "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Essex Ins. Co.*, 450 S.W.3d at 528 (quoting *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010) (orig. proceeding)). A legally invalid lawsuit that "deprive[s] the real plaintiff of the traditional right to choose the time and place of suit," *Abor*, 695 S.W.2d at 566, satisfies this test. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding) (explaining that "a case['s] . . . . proceed[ing] in the wrong court necessarily" satisfies the adequate-remedy test).

---

[2] *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding) (holding that *In re Prudential Ins. Co.*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding), "abrogate[d] *Abor*'s inflexible understanding of an adequate remedy by appeal").

Therefore, pursuant to Texas Rule of Appellate Procedure 52.8(c), and without hearing oral argument, we conditionally grant mandamus relief directing the trial court to grant HSIC's Rule 91a motion to dismiss Thompson Coe's claims. Our writ will issue only if the court fails to comply.

Opinion delivered: January 25, 2019