CONDITIONALLY GRANT and Opinion Filed November 8, 2021



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00188-CV

## IN RE WOODS CAPITAL ENTERPRISES, LLC, Relator

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-05895-2018**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

The issue before the Court in this original mandamus proceeding is whether the trial court abused its discretion by denying relator Woods Capital Enterprises, LLC's plea to the jurisdiction. Because there were no pending counterclaims after Woods Capital filed its non-suit, we conclude the trial court abused its discretion by denying Woods Capital's plea to the jurisdiction and Woods Capital does not have an adequate remedy by appeal. Therefore, we conditionally grant the writ of mandamus.

**Background**

Woods Capital filed the underlying lawsuit in Collin County after real party in interest DXC Technology Services, LLC allegedly breached a contract to sell property located in Collin County to Woods Capital. Woods Capital also filed a notice of lis pendens on the property. DXC filed a motion to dismiss pursuant to the TCPA and also moved to expunge the notice of lis pendens.

The Collin County trial court expunged the notice of lis pendens, which permitted DXC to sell the property to another buyer. DXC then filed an application for attorney's fees related to the lis pendens. The trial court set one hearing to consider the lis pendens fee application and the TCPA motion. At the hearing, DXC tabled its lis pendens fee application because "it may be double work that's unnecessary based on how the Court handles the TCPA motion" and proceeded to argue its TCPA motion. On February 2, 2019, the trial court granted the TCPA motion to dismiss, and DXC subsequently applied for attorney's fees under the TCPA.

In a final order and judgment dated March 20, 2019, the trial court dismissed Woods Capital's case and awarded all attorney's fees requested in the TCPA fee application. Although the judgment did not specifically address the lis pendens fee application, it included the following Mother Hubbard clause: "[A]ll other relief heretofore requested by any party, but not expressly granted by an Order of the Court, is **DENIED**. This Order finally disposes of all remaining claims and parties, and is appealable."

Woods Capital appealed the TCPA dismissal. This Court "reverse[d] the trial court's orders granting DXC's motion to dismiss under the TCPA and awarding DXC attorney's fees and costs under the TCPA." *See Woods Capital Enters., LLC v. DXC Tech. Servs. LLC*, No. 05-19-00380-CV, 2020 WL 4344912, at *6 (Tex. App.—Dallas July 29, 2020, no pet.) (mem. op).

On remand, Woods Capital immediately filed a notice of non-suit of its claims in the Collin County case and filed a new suit in Dallas County. Shortly thereafter, DXC filed a one-count counterclaim in the non-suited Collin County suit, along with a request for attorney's fees and costs.

Woods Capital filed a plea to the jurisdiction in Collin County in which it argued its non-suit terminated the Collin County case and left the trial court without jurisdiction to consider DXC's counterclaim. DXC responded that parties have an "absolute right to nonsuit *their own* claims, but not *someone else's* claims they are trying to avoid." DXC argued that because a pending claim for attorney's fees related to the expunction of the lis pendens had yet to be resolved by the Collin County court, the plea should be denied.

On March 10, 2021, the Collin County court denied the plea without specifying its reasoning. This mandamus proceeding followed.

**Standard of Review**

To be entitled to mandamus relief, a relator must demonstrate the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

**Discussion**

Woods Capital asserts the trial court abused its discretion by continuing to exercise jurisdiction over this case after Woods Capital's non-suit disposed of all parties and claims pending before the trial court and no valid counterclaim was pending that survived the non-suit. DXC responds that (1) the trial court, as a court of general jurisdiction that has presided over years of litigation related to this case, has subject matter jurisdiction over this dispute in the court where it was first filed despite the non-suit and (2) DXC's claim for attorney's fees based on its successful motion to expunge the lis pendens was still pending when Woods Capital filed its non-suit.[1]

---

[1] DXC does not argue in this mandamus proceeding that the one-count counterclaim filed in the Collin County trial court after the trial court granted Woods Capital's non-suit extended the court's jurisdiction.

Under Texas Rule of Civil Procedure 162, a plaintiff may dismiss a case, or take a non-suit, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162. A non-suit extinguishes a case or controversy at the moment it is filed with the court clerk or requested in open court. *Shadowbrook Apts. v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990); *In re Metro. Lloyds Ins. Co. of Tex.*, No. 05-08-01712-CV, 2009 WL 638253, at *3 (Tex. App.—Dallas Mar. 13, 2009, orig. proceeding) (mem. op.).

Here, neither party challenges the trial court's order granting Woods Capital's non-suit. Rather, the controversy is whether the trial court continued to have jurisdiction over DXC's request for attorney's fees. *See Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 402 (Tex. App.—Dallas 1995, no writ) (noting a party's right to take a non-suit does not affect an opposing party's pending claim for affirmative relief).

To the extent DXC argues that the trial court, as a court of general jurisdiction presiding over the litigation for years, maintained jurisdiction because Woods Capital first filed the case in Collin County, its argument is contrary to this Court's precedent. "[A] trial court's jurisdiction over a cause ends when a notice of non-suit is given for the only pending claim for affirmative relief. In effect, in such a situation, the filing of a non-suit divests a trial court of its subject matter jurisdiction." *Id*. Thus, it is irrelevant how long the underlying case was pending in Collin County and that it was first filed in Collin County. Instead, the relevant

inquiry is whether DXC's claim for attorney's fees based on its successful motion to expunge the lis pendens remained pending at the time Woods Capital filed its non-suit. For the reasons explained below, we conclude DXC did not have any pending claims.

The record indicates that during the hearing on its TCPA motion and application for attorney's fees based on the lis pendens, DXC asked the trial court to "table the motion for attorneys' fees at this time because it may be double work that's unnecessary based on how the Court handles the TCPA motion." DXC then argued the TCPA motion, which the trial court granted.

Although the trial court never specifically ruled on the fee application, the trial court rendered a final judgment denying all relief not expressly granted, which necessarily included the denial of the lis pendens fee application. The final judgment further stated it "finally disposes of all remaining claims and parties, and is appealable." This phrase is clear and unequivocal as to the finality of the judgment. *See In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018, orig. proceeding) ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal . . . unless it clearly and unequivocally states that it finally disposes of all claims and all parties.") (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001)). Our conclusion is the same regardless of DXC's attempt to characterize its motion to expunge lis pendens into a pending counterclaim to quiet title. Setting aside that the record contains no pleading

asserting a counterclaim to quiet title, the finality language in the judgment would likewise encompass such a claim.

Moreover, our opinion resolving the TCPA appeal noted that the trial court's order on attorney's fees and costs "[made] the judgment final." *Woods Capital Enters., LLC*, 2020 WL 4344912, at *2. Had DXC believed the trial court erred by denying its lis pendens fee application, it needed to file a cross appeal in the TCPA case. *See, e.g.*, *In re Estate of Buchanan*, No. 05-19-01473-CV, 2020 WL 6791524, at *6 (Tex. App.—Dallas Nov. 19, 2020, no pet.) (mem. op.) ("A reviewing court does not again pass upon any matter presented to, directly passed upon, or in effect disposed of by an earlier appeal to that court."); *see also* TEX. R. APP. P. 25.1(c) ("The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.").

In reaching this conclusion, we reject DXC's assertion that Woods Capital filed an interlocutory, accelerated appeal in the TCPA case pursuant to Texas Civil Practice and Remedies Code section 27.008(b); therefore, "no final judgment was at issue and no cross appeal was permitted or possible." Accelerated appeals are not limited to interlocutory appeals. Section 27.008(b) provides that "[a]n appellate court shall expedite an appeal or other writ, *whether interlocutory or not*, from a trial court order." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (emphasis added). Thus, the fact that Woods Capital filed an accelerated appeal does not render it interlocutory thereby affecting the finality of the judgment.

We conclude DXC did not have a valid counterclaim that survived the non-suit; therefore, the trial court abused its discretion by denying Woods Capital's plea to the jurisdiction. *See In re Metro. Lloyds Ins. Co. of Tex.*, 2009 WL 638253, at *4 (concluding trial court abused its discretion by denying motion for entry of dismissal when non-suit disposed of all claims and no valid counterclaims survived).

We further conclude Woods Capital has no adequate remedy at law. Because no valid counterclaim survived the non-suit, there is no longer a case pending in the trial court. The order denying the plea to the jurisdiction is not an appealable interlocutory order. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Therefore, before Woods Capital could appeal, it would have to proceed to trial to defend against a counterclaim that is not validly before the court, leaving Woods Capital without an adequate remedy at law. *See id.*; *see also In re Houston Specialty Ins. Co.*, 569 S.W.3d 138, 142 (Tex. 2019) (orig. proceeding) ("[M]andamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'") (quoting *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding)).

**Conclusion**

We conditionally grant relator's petition for writ of mandamus. We order the trial court to vacate its March 10, 2021 order denying relator's plea to the jurisdiction and direct the trial court to grant relator's plea to the jurisdiction and dismiss the

case without prejudice.  We are confident the trial court will comply, and the writ will issue only if the trial court fails to comply.


/Craig Smith/
CRAIG SMITH
JUSTICE

210188F.P05