**Conditionally Grant and Opinion Filed August 15, 2022**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00150-CV

### IN RE CELIA SAMS, Relator

**Original Proceeding from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-15459**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Garcia
Opinion by Justice Pedersen, III

In this original proceeding, relator Celia Sams challenges the trial court's January 19, 2022 order denying her Rule 91a motion to dismiss claims urged against her by real party in interest Dr. Theodoros Maltezos. We conclude that Maltezos's allegations against Sams fall within the scope of the legal representation of her client, Betty Duncan-Davis, involving negotiation of an agreement between Maltezos and Duncan-Davis. As a result, Maltezos's claims against Sams are barred by the attorney immunity doctrine, and the trial court abused its discretion by denying Sams's motion to dismiss. We conditionally grant Sams's petition for writ of mandamus.

## Background

In 2019, Maltezos purchased real property from Jerry Wayne Duncan and granted Duncan a life estate in the property. Duncan later became incapacitated, and Duncan-Davis was appointed as Duncan's guardian. Both Duncan and Duncan-Davis continued living on the property. According to Maltezos, multiple conflicts and disagreements between him and Duncan-Davis about the condition and use of the property arose and became so problematic that the arrangement became unworkable. As a result, Maltezos offered to purchase Duncan's remaining interest in the property. Duncan-Davis retained Sams to "work out 'the sale' of the property." Sams negotiated an agreement where Maltezos would pay $31,191.58, and, in exchange, Duncan and Duncan-Davis would leave the property within sixty days of payment. Maltezos made the agreed payment, but near the end of the sixty-day period, Sams told Maltezos that Duncan and Duncan-Davis would not be vacating the property. Maltezos asked for his money back, but his demand was refused.

Maltezos then sued Duncan-Davis and Sams for fraud, conspiracy, joint enterprise, quantum meruit, conversion, and money had and received. The gist of his allegations was that Duncan-Davis and Sams worked together to "swindle and bamboozle" him. He contended that Sams negotiated the $31,191.58 payment in exchange for Duncan and Duncan-Davis to move away from the property, knowing that Duncan-Davis never intended to move.

Sams filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. In her motion, she argued that all of the causes of action against her should be dismissed because they were barred by the attorney immunity doctrine. She explained that all of the claims against her arose out of her representation of Duncan-Davis in regard to the settlement agreement. She contended that the negotiation of such an agreement after a dispute arises constitutes the provision of legal services within the unique skill of an attorney. And she contended that her legal services were provided in an adversarial context, because Maltezos and Duncan-Davis did not share the same interests. Thus, according to Sams, her conduct fell squarely within the attorney immunity doctrine.

Maltezos responded, arguing that attorney immunity is not a proper basis for a Rule 91a motion to dismiss. According to Maltezos, the attorney immunity defense is more suited for summary judgment or the trier of facts; thus, Sams's motion was "misguided."

The trial court conducted a hearing on the motion. At the hearing, Sams again maintained she was an attorney who represented Duncan-Davis in a dispute with Maltezos. As a result of that dispute, Maltezos and Duncan-Davis were "fighting outside of this case as to the enforcement of . . . a settlement agreement." According to Sams, because Maltezos was "not happy with the outcome," he asserted claims against Sams that were all related to the course of her representation of Duncan-

–3–

Davis. Maltezos argued the case was not an attorney-immunity case because "Sams wasn't acting as an attorney. She was acting as a tortious party."

The trial court denied Sams's motion to dismiss without specifying the grounds for the denial. This original proceeding followed.

**Applicable Law**

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court has clearly abused its discretion, and (2) there is no adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). Mandamus review is available when a trial court's misapplication of the law results in the denial of a motion to dismiss under Rule 91a. *See In re Hous. Specialty Ins. Co.*, 569 S.W.3d 138, 139 (Tex. 2019) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). In such a case, mandamus relief is appropriate, rather than an appeal, "to spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Hous. Specialty Ins.*, 569 S.W.3d at 142.

A party may move for dismissal under Rule 91a when a cause of action has no basis in law. TEX. R. CIV. P. 91a; *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from

them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a. We make this determination based solely on the pleading of the cause of action. TEX. R. CIV. P. 91a.6.

Motions to dismiss under Rule 91a may be based on affirmative defenses "if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). So long as the trial court does not need to look beyond the pleadings to determine whether the defense pleaded applies to the facts alleged, a Rule 91a motion is a proper vehicle to seek the prompt legal determination of whether the defense bars recovery. *Id.* If the defense of attorney immunity meets these standards, Rule 91a will support dismissal of the barred claims. *Id.* (taking plaintiff's allegations as true, plaintiff not entitled to relief sought because attorney immunity barred her claims: "[t]hat is enough for dismissal under Rule 91a").

Attorneys in Texas are protected from liability to non-clients by an immunity defense "stemming from the broad declaration over a century ago that 'attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. App. 1910, writ ref'd)). This defense is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as

advocates*." Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App—Dallas 2000, pet. denied)). As a general rule, the defense renders attorneys immune from civil liability to non-clients for actions taken in connection with representing a client, whether in litigation, s*ee id.*, or in any other adversarial context in which an attorney must zealously and loyally represent her client, *see Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 79–80 (Tex. 2021). Whether the defense applies does not depend on the nature of the attorney's alleged wrongdoing; it depends, instead, on whether the claim is based on the kind of conduct involved in legal representation. *Id*. at 78. The Texas Supreme Court has specified the kind of conduct that will support the immunity defense:

> [A]ttorney immunity provides a defense to a non-client's claims based on an attorney's conduct that (1) constitutes the provision of legal services involving the unique office, professional skill, training, and authority of an attorney, and (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context, in which the client and the non-client do not share the same interests so that the non-client's reliance on the attorney's conduct is not justifiable.

*Id.* Importantly, merely pleading that an attorney's conduct is fraudulent or wrongful does not remove it from the scope of client representation. *Cantey Hanger*, 467 S.W.3d at 483, 485.

## Discussion

Our analysis is governed by the parties' pleadings. In his petition, Maltezos alleges that: "Sams is a licensed attorney in good standing with the State Bar of Texas," Duncan-Davis retained Sams to "work out the sale of the property," and

Sams negotiated the agreement on behalf of Duncan-Davis. It is the purported non-performance of that agreement that gives rise to the claims Maltezos asserts against Sams. But Maltezos also alleges that the negotiation was for a "fake sale," that Sams "misrepresented and made 'fraudulent statements'" to him, and that she improperly retained as fees portions of the funds he provided pursuant to the settlement agreement. Thus, Maltezos pleaded that Sams's conduct was wrongful.

We must determine whether Maltezos's claim is based on the kind of conduct involved in legal representation. *See Haynes & Boone, LLP*, 631 S.W.3d at 78. In essence, the petition alleges that Sams negotiated an agreement, communicated with Maltezos on behalf of her client, and kept a fee for her services. These actions unquestionably fall within a provision of legal services that involve the professional skills, training, and authority of an attorney. In addition, Sams's actions were taken within an adversarial context, *i.e.*, Maltezos and Duncan-Davis did not share the same interests. We conclude Maltezos's claim is based upon the kind of conduct involved in legal representation. *See id.* Labeling the conduct as fraudulent or wrongful does not remove it from the scope of Sams's legal representation. *See Cantey Hanger*, 467 S.W.3d at 483, 485.

The face of Maltezos's petition establishes that his claims are barred by the defense of attorney immunity. Accordingly, they have no basis in law and were properly subject to dismissal under Rule 91a. *See Bethel*, 595 S.W.3d at 656. We conclude that the trial court abused its discretion by denying Sams's motion to

–7–

dismiss. *See Hous. Specialty Ins.*, 569 S.W.3d at 139. We conclude further that mandamus relief, rather than appeal, is appropriate in this case to spare the parties and the public the time and money spent on a fatally flawed proceeding. *See id.* at 142.

### Conclusion

We conditionally grant Sams's petition for writ of mandamus, and we direct the trial judge to vacate her order of January 19, 2022, and to grant Defendant Celia Sams's Rule 91a Motion to Dismiss. We are confident the judge will promptly comply. Our writ will issue only if she does not.

220150f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE