# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00634-CV

---

## In re Amazon.com Services, LLC

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Amazon.com Services, LLC, has filed a petition for writ of mandamus complaining of the trial court's denial of its Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a. Amazon sought dismissal of real party in interest Trey Dobson's asserted claims against Amazon on the ground that the claims are barred by the statute of limitations. In his response to the petition, Dobson argues that the limitations period was tolled based on fraudulent concealment and that Amazon is not entitled to mandamus relief because it has unclean hands. For the following reasons, we conditionally grant mandamus relief.

## BACKGROUND

On April 18, 2022, Dobson sued Stephen Rebolledo and Last Mile Transportation Systems, Inc. He alleged that on or about September 15, 2020, a van operated by Rebolledo and owned by Last Mile collided with a vehicle in which Dobson was a passenger and that Rebolledo was in the course and scope of his employment with Last Mile when the collision occurred. Dobson sought to recover damages for injuries that he sustained from the collision.

In February 2023, Dobson filed an amended petition that added Amazon as a defendant. Dobson alleged that Rebolledo was in the course and scope of his employment with Last Mile and/or Amazon, that the failure of Last Mile and/or Amazon "to use ordinary care and ensure that Rebolledo was a safe and competent driver" was a proximate cause of the collision and Dobson's resulting injuries, and that Last Mile and/or Amazon were vicariously liable for the actions of Rebolledo and for Dobson's "injuries and damages under the legal theory of respondeat superior."

In March 2023, Amazon filed an answer, which included asserting the affirmative defense of limitations. Approximately one month later, Amazon filed the Rule 91a motion to dismiss, which was denied by the order that is the subject of this original proceeding. Although Amazon's answer was filed by a different attorney of record, the Rule 91a motion was filed by the same attorney of record representing Last Mile and Rebolledo. Amazon's motion was based on Dobson's pleaded allegation that he sustained injury in the vehicle collision that occurred on or about September 15, 2020. Based on this allegation, Amazon asserted that Dobson's deadline to file claims against Amazon was on September 15, 2022, *see* Tex. Civ. Prac. & Rem. Code § 16.003 (providing two-year limitations period for claims of personal injury), and because he did not file his claims against Amazon prior to this deadline, his claims against Amazon are barred, *see id.*; *see also* Tex. R. Civ. P. 91a.2 (specifying required content of Rule 91a motion).

Prior to the hearing on the Rule 91a motion, Dobson did not amend his pleadings or dispute that he did not sue Amazon within the two-year limitations period but argued in a response to the motion that the limitations period had been tolled because Rebolledo and Last Mile fraudulently concealed Amazon's involvement. Dobson relied on discovery responses from Rebolledo and Last Mile that did not disclose or identify Amazon as a potential party, a person

2

having knowledge of relevant facts, or a person who may be designated as a third-party defendant. *See* Tex. R. Civ. P. 194 (addressing required disclosures), and information from Rebolledo's deposition, which was taken in January 2023. When deposed, Rebolledo testified about his understanding of the business relationship between Last Mile and Amazon and his employment as a delivery driver with Last Mile. He testified that Last Mile worked for Amazon as a contractor providing delivery services, that he met with Amazon personnel at the Amazon warehouse daily, that he received training from Amazon, that he used a "Rabbit" device with GPS that Amazon provided as a navigation system, and that he was using the Rabbit device when he completed a delivery right before the collision.[1]

Amazon filed a reply to Dobson's response, primarily arguing that Dobson's allegations of fraudulent concealment did not toll the limitations period; that Dobson had failed to allege that "Amazon *itself* concealed any wrong to deceive or mislead [him] about *its* involvement in the underlying incident in this case"; and that "[o]n the contrary, [Dobson]'s allegations in support of 'fraudulent concealment' allege acts or omissions on the part of Defendants Rebolledo and Last Mile only, not on the part of Defendant Amazon."[2]

---

[1] Rebolledo testified that the Rabbit device "helps you with the navigation of the—of the route, and it gives you all the information about the delivery and where to drop off the package and all that. All that stuff, pretty much."

[2] In its reply, Amazon also argued that the statute of limitations was not tolled because Dobson had notice of Amazon's involvement "at the outset of the case" because the van that Rebolledo was operating at the time of the collision had an Amazon logo on it. The record in this original proceeding includes a photograph of the van with the Amazon logo. But courts may not consider evidence in their analysis of a Rule 91a motion. *See* Tex. R. Civ. P. 91a.6 (generally providing that court may not consider evidence when ruling on Rule 91a motion). Thus, we do not consider the photograph in our analysis of the trial court's ruling on the motion.

Following a hearing, the trial court signed its order denying the Rule 91a motion. As discussed during the hearing, Dobson filed an amended petition a few days later that included allegations of fraudulent concealment:

> 5.7    Defendant Stephen Rebolledo and Defendant Last Mile Transportation Systems, LLC concealed—either individually or through counsel of record—Defendant Amazon's involvement in the incident giving rise to the present litigation.  Defendants did so chiefly by omitting Amazon.com Services, LLC from all formal discovery responses, including mandatory disclosure of potential parties, responsible third parties, and potential persons/entities with knowledge of relevant facts under Tex. R. Civ. P. 194.  In doing so, Defendants fraudulently misrepresented to Plaintiff the nature and/or degree of Defendant Amazon's involvement, resulting in their addition to the lawsuit after the relevant statute of limitations had run.
>
> 5.8    Specifically, Defendant Stephen Rebolledo and Defendant Last Mile Transportation Systems, LLC knew of Plaintiff's attempts, in statutorily required and other formal process, to discover Defendant Amazon.com Services, LLC's involvement in the incident giving rise to the present litigation.
>
> 5.9    Defendant Stephen Rebolledo and Defendant Last Mile Transportation Systems, LLC, did, in fact, have a fixed commercial purpose for concealing Defendant Amazon.com Services, LLC's involvement in the incident giving rise to the present litigation.
>
> 5.10 Defendant Stephen Rebolledo and Defendant Last Mile Transportation Systems, LLC, by misrepresentation and/or silence, did conceal Defendant Amazon.com Services, LLC's involvement in the incident giving rise to the present litigation.
>
> * * *
>
> 6.5    Plaintiff would show that Defendant Last Mile Transportation Systems, LLC—either individually or through counsel of record—did not want to offend or otherwise implicate Defendant Amazon.com Services, LLC, and thus fraudulently concealed the role of Defendant Amazon.com Services, LLC in the present litigation until after the Statute of Limitations had run.
>
> 6.6    Plaintiff would show that Plaintiff did, in fact, diligently seek discovery of Defendant Amazon.com Services, LLC's liability for the incident giving rise to this litigation.

6.7     Plaintiff would show that Plaintiff's efforts to discover Defendant Amazon.com Services, LLC's involvement in the present litigation was, on numerous occasions, frustrated by Defendant Last Mile Transportation Systems, LLC's fraudulent concealment.

6.8     Plaintiff would show that Defendant Last Mile Transportation Systems, LLC, which had reported Plaintiff's claims and suit to Defendant Amazon.com Services, LLC, did know their concealment of Defendant Amazon.com Services, LLC was wrong, concealed Defendant Amazon.com Services, LLC's involvement by misrepresentation and/or concealment, had a fixed purpose for concealing the wrong, and did conceal Defendant Amazon.com Services, LLC's involvement.

Amazon thereafter filed this original proceeding, seeking mandamus relief from the trial court's denial of its Rule 91a motion.

## ANALYSIS

In two issues, Amazon argues that the trial court abused its discretion by denying Amazon's Rule 91a motion to dismiss because Dobson's claims against Amazon were "clearly barred by the two-year statute of limitations" and that the denial of the motion deprived Amazon of "its substantive rights" and will cause the parties "to unnecessarily spend time and money litigating claims that are time-barred and have no basis in law."

**Rule 91a Motion to Dismiss**

"Rule 91a allows a party to file a motion to dismiss a cause of action that has no basis in law." *In re Springs Condos., LLC*, No. 03-21-00493-CV, 2021 Tex. App. LEXIS 9729, at *4 (Tex. App.—Austin Dec. 8, 2021, orig. proceeding) (mem. op.) (citing Tex. R. Civ. P. 91a.1). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "When ruling on a Rule 91a motion to dismiss, a court may not consider evidence

5

but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Springs Condos.*, 2021 Tex. App. LEXIS 9729, at *4–5 (quoting Tex. R. Civ. P. 91a.6). We review the merits of a Rule 91a ruling de novo. *Id.* at *5 (citing *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding)).

"Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss." *Id.* "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *Id.* (citing *In re Nationwide Ins.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding)). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.* "A traditional appeal after final judgment is an inadequate remedy when a 'legally invalid lawsuit' is not dismissed under Rule 91a." *Id.* (citing *In re Houston Specialty Ins.*, 569 S.W.3d 138, 141–42 (Tex. 2019) (orig. proceeding)). "Rather, mandamus relief is proper when it spares 'private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Id.* (citing *In re Houston Specialty Ins.*, 569 S.W.3d at 142).

Here, Amazon's Rule 91a motion was based on the affirmative defense of limitations. Although Rule 91a "limits the scope of the court's factual inquiry—the court must take the [plaintiff's] 'allegations' as true"—it "does not limit the scope of the court's legal inquiry in the same way." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655 (Tex. 2020). "In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Id.* at 656. Thus, "Rule 91a permits motions to dismiss based on affirmative defenses 'if the allegations, taken as true, together with inferences

6

reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* (quoting Tex. R. Civ. P. 91a.1).

**Did the trial court abuse its discretion in denying Amazon's Rule 91a Motion?**

In his response filed with this Court and in his pleadings in the underlying proceeding, Dobson does not dispute that Amazon's answer included the affirmative defense of limitations or that he sued Amazon more than two years after the collision occurred. Thus, unless some tolling or equitable principle applies, Dobson's claims are barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *Draughon v. Johnson*, 631 S.W.3d 81, 88–89 (Tex. 2021) (distinguishing between tolling of limitations period and equitable principles, including fraudulent concealment, that allow suit to proceed even though limitations period has run).

Dobson argues that the statute of limitations was tolled based on fraudulent concealment, which he raised in his response to the Rule 91a motion in the underlying proceeding and his amended pleading filed shortly after the trial court ruled on the Rule 91a motion.[3] Dobson argues that the trial court correctly granted him leave to replead when ruling on the Rule 91a motion, that the trial court properly considered fraudulent concealment in ruling on the motion, that the "evidentiary merits of [his] theory of tolling" should not be "evaluated at this stage" of a Rule 91a motion, and that even if the merits of his tolling theory are evaluated, his pleadings of fraudulent concealment are sufficient.

---

[3] Although the parties refer to the "tolling" of limitations, the Texas Supreme Court has clarified that fraudulent concealment when asserted in the context of limitations is an equitable defense that a suit should not be barred even though the limitations period has run. *See Draughon v. Johnson*, 631 S.W.3d 81, 88–89 (Tex. 2021). The parties' reference to "tolling" does not impact the substance of their arguments or our analysis here.

Here the record reflects that the trial court considered Dobson's allegations of fraudulent concealment in ruling on the Rule 91a motion. "Where applicable, fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to the plaintiff's claim." *Malone v. Sewell*, 168 S.W.3d 243, 251 (Tex. App.—Fort Worth 2005, pet. denied) (citing *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. App.—Fort Worth 1997, pet. denied)). Its elements are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *Malone*, 168 S.W.3d at 252; *see BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (stating that "party asserting fraudulent concealment must establish an underlying wrong, and that 'the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff'" (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999))). "The deception to conceal can be through either a misrepresentation or silence in the face of a duty to speak." *United Healthcare Servs., Inc. v. First St. Hosp. LP*, 570 S.W.3d 323, 342 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing *Shah v. Moss*, 67 S.W.3d 836, 846 (Tex. 2001)).

Turning to Dobson's allegations of fraudulent concealment in his amended petition, they are not directed at Amazon, but to the alleged fraudulent concealment by Last Mile and Rebolledo. He alleges that they—not Amazon—had a duty to disclose Amazon's involvement in their discovery responses. Similarly in his response to the Rule 91a motion in the underlying proceeding, Dobson alleged that Last Mile and Rebolledo fraudulently concealed Amazon's degree of involvement by not disclosing Amazon in discovery responses and that he relied on the veracity of their disclosure responses. He argued:

8

Defendants *Rebolledo and Last Mile* froze the applicable statute of limitations by fraudulently concealing the full nature and extent of the relationship between Defendants Last Mile and Amazon, as well as the degree of control Defendant Amazon exercises of Defendant Last Mile's employees, including Defendant Rebolledo. Defendants *Rebolledo and Last Mile* engaged in fraudulent concealment when they "affirmatively conceal[ed] the responsible party's identity" despite a clear "duty to disclose," and knowingly—through misrepresentation and/or silence—caused Plaintiff Dobson's detrimental reliance on their failure to disclose Defendant Amazon's potential liability for Defendants' own purposes.

(Emphasis added.) Dobson also alleged that they had a "fixed commercial purpose to conceal the nature and extent" of the business relationship between Last Mile and Amazon, that their business relationships were "intertwined," and that he did not discover the degree of Amazon's involvement until Rebolledo's deposition. He relies on testimony from the deposition and a copy of a confidential logistics incident report concerning the collision that Last Mile had submitted to Amazon. According to Dobson, Last Mile only produced a copy of the report to Dobson on the eve of the deposition.

Taking Dobson's allegations as true together with all reasonable inferences, we cannot conclude that he has alleged that Amazon *itself* made a misrepresentation or had a duty to disclose its involvement in the collision. *See* Tex. R. Civ. P. 91a; *United Healthcare Servs.*, 570 S.W.3d at 342; *Malone*, 168 S.W.3d at 252. Thus, we conclude that Dobson's pleadings do not sufficiently allege that even though the limitations period had run, Dobson's claims against Amazon should not be barred based on fraudulent concealment. *See Johnson*, 651 S.W.3d at 89. It follows that Amazon conclusively established its affirmative defense of limitations based on Dobson's pleadings and, thus, that Dobson's claims against Amazon have no legal basis. *See* Tex. R. Civ. P. 91a.1; *In re Springs Condos.*, 2021 Tex. App. LEXIS 9729, at *4–5.

9

**Should this Court deny mandamus relief based on the unclean-hands doctrine?**

In his response to this Court, Dobson also argues that this Court should deny mandamus relief because Amazon has "unclean hands" and, thus, is not entitled to equitable relief. *See In re Dawson*, 550 S.W.3d 625, 631 (Tex. 2018) (orig. proceeding) (stating that "even though mandamus is not an equitable remedy, equitable principles largely govern its issuance" (citing *In re International Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam))); *In re D.D.*, 661 S.W.3d 608, 621 (Tex. App.—El Paso 2023, orig. proceeding) (describing "unclean hands doctrine").

The unclean-hands doctrine may play "a role in the availability of mandamus relief." *In re D.D.*, 661 S.W.3d at 618; *see Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n.2 (Tex. 1990) (orig. proceeding). The doctrine "allows a court to refuse to grant equitable relief sought by one whose conduct in connection with the same matter or transaction has violated the principles of equity and righteous dealing." *In re D.D.*, 661 S.W.3d at 621 (citing *Cheniere Energy, Inc. v. Parallax Enters., LLC*, 585 S.W.3d 70, 84 (Tex. App.—Houston [14th Dist.] 2019, pet. dism'd)). The doctrine applies "only to one seeking equity 'whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing.'" *Id.* (citing *Thomas v. McNair*, 882 S.W.2d 870, 880–81 (Tex. App.—Corpus Christi–Edinburg 1994, no writ)). "The wrongful conduct in question should directly relate to the subject of the mandamus proceeding." *Id.* (citing *Axelson*, 798 S.W.2d at 552).

As support for his position that this Court should deny Amazon's petition seeking mandamus relief because Amazon has unclean hands, Dobson relies on discovery responses prepared and served by the attorney of record for Amazon, Last Mile, and Rebolledo. *See id.* at

10

622 (finding that real parties in interest, individually and through acts of counsel, "violated the principles of equity and righteous dealing" and "[did] not come to court with clean hands"). The complained-of discovery responses that did not identify Amazon, however, were served by Last Mile and Rebolledo before Amazon was a party. Further, the record reflects that a different law firm filed Amazon's original answer in the underlying proceeding before the attorney of record for Last Mile and Rebolledo began representing Amazon. Thus, the record reflects that the attorney of record who filed the complained-of discovery responses did not begin representing Amazon until sometime after Amazon filed its original answer. Although a party's attorney's actions can be attributed to the party for purposes of the unclean-hands doctrine, the record here does not support that the complained-of conduct by the attorney, which occurred before he was representing Amazon, is attributable to Amazon such that it should be precluded from its requested mandamus relief.[4]

**Adequate Remedy on Appeal**

In its second issue, Amazon argues that it does not have an adequate remedy on appeal. It argues that the denial of the motion deprived Amazon of "its substantive rights" and will cause the parties "to unnecessarily spend time and money litigating claims that are time-barred and have no basis in law." Dobson responds that Amazon may seek the same remedy through a motion for summary judgment. But we have concluded that Dobson's claims

---

[4] Dobson cites *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam), but that case concerns potential consequences to a defendant who fails to disclose a potential third-party defendant prior to limitations expiring, not consequences to the potential third-party defendant, *see id.* (citing Tex. Civ. Prac. & Rem. Code § 33.004(d)). In that case, the Texas Supreme Court granted mandamus relief from the trial court's order granting the defendant leave to designate a third-party defendant because the defendant had failed to identify the third-party defendant in its discovery responses prior to limitations expiring. *See id.* at 630–31.

have no legal basis and do not entitle him to the relief he sought against Amazon. In this context, an appeal after final judgment is an inadequate remedy because Amazon should not be required to spend time and money defending against claims that are precluded as a matter of law. *See In re Springs Condos.*, 2021 Tex. App. LEXIS 9729, at \*4–5; *see also In re Houston Specialty Ins.*, 569 S.W.3d at 142. Given the governing law, we conclude that the trial court's denial of Amazon's Rule 91a motion was an abuse of discretion and, therefore, mandamus relief is warranted. *See In re Houston Specialty Ins.*, 569 S.W.3d at 141–42.

## CONCLUSION

For these reasons, we sustain Amazon's issues, conditionally grant mandamus relief, and direct the trial court to vacate its order denying Amazon's Rule 91a motion to dismiss Dobson's claims against Amazon in the underlying case and to grant the motion. *See* Tex. R. App. P. 52.8(c); Tex. R. Civ. P. 91a.1. The writ will issue only if the trial court fails to act in accordance with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: December 20, 2023

12